UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER M. TIERNEY,

    Plaintiff,

v.                                       Case No. 3:23cv24768-MCR-HTC

OFFICER SCRUGGS, et al.,

    Defendants.
_____/

ORDER

Plaintiff Christopher M. Tierney, a state prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 against several governmental officers or employees. Doc. 1. After reviewing the complaint, the Court finds it is deficient in several ways. However, rather than recommending dismissal of the complaint, the Court will allow Tierney an opportunity to file a viable amended complaint.

**I.    Background**

Tierney sues fourteen (14) employees of the Florida Department of Corrections ("FDOC") regarding an alleged use of excessive force, subsequent cover-up, and substandard conditions of confinement. Doc. 1. He sues Secretary Dixon of the FDOC and the following officers from Santa Rosa Correctional

Institution ("Santa Rosa CI"): Officers Scruggz, Wentz, John Doe, Lt. McCrannie, Lt. Carrier and Warden Leavins; Secretary Dixon; Sgt. Manners; Colonel John Doe; Major John Doe; Officer Johnson; Officer Burkius; "T.A." John Doe; and Lt. Carter. *Id.* at 2-6.

Tierney claims that on January 21, 2021, he was being escorted, fully shackled, back to the main unit at Santa Rosa by Scruggz, Wentz and Officer John Doe, when Scruggz threw him on the ground. *Id.* at 8. Tierney was "in a belly chain secured with a black box, handcuffs, and shackles" while Officer Wentz kneeled on his waist and Scruggz knelt on his left arm. *Id.* After Wentz and Scruggz verified the camera could not see their location, Scruggz hit Tierney in the nose with his radio, permanently disfiguring his nose with a jagged scar. *Id.* They picked him up and encountered Lt. McCrannie, and Tierney told the Lt. what happened. Lt. McCrannie did not care and "immediately went to trying to cover-up Wentz and Scruggz['s] criminal actions." *Id.* at 8.

Defendant Carrier then walked up, said "something about [Tierney] putting [his] hands on staff members" and swung at Tierney, hitting him on the head and knocking him down. *Id.* at 8-9. Carrier then kicked him two times in the head as he lay on the ground. *Id.* at 9. The officers picked him up, put a spit mask on Tierney to hide his injuries, and brought him to medical. *Id.* at 9. He saw the nurse who

gave him no treatment and was put into a cell with no mattress, pillow, linens or other property. *Id.*

He claims Sgt. Manners then took over supervision (with his subordinates Officers Johnson, Burkius and "T.A." John Doe) and kept him in his boxers and "whatever [Plaintiff] could get from the other inmates" while leaving him "in freezing temperatures sleeping on steel" for 30 days. He claims he "was being humiliated in front of staff and inmates" without stating by whom, and claims Sgt. Manners and Officer Johnson would give him "air trays" or would pour his juice over his food. *Id.* at 10. He also claims he was "refused the opportunity to take a shower for over three weeks" by Sgt. Manners and his subordinates.

Tierney claims, "This continuation of retaliation and cruel and unusual punishment affected me both physically and mentally." *Id.* at 10. Plaintiff alleges he is a psych (S3) patient and this condition was "definitely exacerbated by this mistreatment." *Id.* at 10.

He claims he "managed to get some (approximately 4) informal grievances and a pen and []wrote up both the assaults and inhuman treatment / conditions." Doc. 1 at 9. He turned in the informal grievances which never came back. He alleges, "I also informed the upper echelon of [Santa Rosa CI] whenever they would come around for inspection and I was ignored by anyone and everyone I would tell." *Id.* at 10.

## II. Legal Standard

Because Plaintiff is seeking relief from government employees or officers, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Discussion

Plaintiff's complaint is deficient in several ways. The Court will discuss those deficiencies, beginning first with the procedural deficiencies and then moving on to the substance of Plaintiff's claims.

### A. Procedural Deficiencies

First, Plaintiff did not file the complaint on this Court's required complaint form. *See* N.D. Fla. Loc. R. 5.7 ("A party not represented by an attorney must file [a civil rights complaint] only on a form available without charge from the Clerk or

on the District's website").  Under Rule 5.7, "[t]he Court need not – and ordinarily will not – consider a … complaint that is not filed on the proper form."

Second, Plaintiff cannot join in one suit unrelated claims arising out of different facts.  *See* Fed. R. Civ. P. 20.  Under Federal Rule of Civil Procedure 20(a), "a complaint against multiple defendants must allege claims that arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants.'"  *Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (citing Fed. R. Civ. P. 20(a)).  To determine whether claims arise from the same transaction or occurrence, or series of transactions or occurrences, the Eleventh Circuit applies the "logical relationship" test.  *See Smith v. Trans–Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).  "[A] logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim."  *Id.* (citing *Republic Health*, 755 F.2d at 1455).  In other words, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'"  *Republic Health*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs.*, Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)).

Plaintiff's allegations do not meet the logical relationship test.  Here, Plaintiff complains about two distict incidents, involving different people, and occurring at

different times, which is not permissible. *See e.g., Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (affirming dismissal of unrelated claims against ten corrections officers because they arose out of different events occurring on different dates). The elements Plaintiff will need to show to succeed on the excessive force claims are different from those for a claim based on the conditions of his confinement. *See Barnett v. Norman,* 2010 WL 1006525, at *3–4 (E.D. Cal., Mar. 17, 2010) (allowing plaintiff to proceed on claims concerning the use of excessive force by correctional officers and dismissing as improperly joined claims concerning improper medical treatment for injuries sustained from the use of excessive force).

Thus, if Plaintiff wants to proceed on these claims, he will need to file a separate suit on the claims against Manners and his subordinates arising out of the conditions of his confinement.[1] *See also, George v. Smith*, 507 F.3d 605, 607 (7th

---

[1] Plaintiff is advised, however, that the facts alleged against Manners and the subordinates do not state an Eighth Amendment conditions of confinement claim. "[P]rison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 (1981); *see Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) ("Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency"); *Hamm v. DeKalb County*, 774 F.2d 1567, 1569 (11th Cir. 1985) (finding that sleeping on an unsanitary eating table or dirty mattress on the floor does not violate an inmate's Eighth Amendment rights); *Ivory v. Warden, Governor of Alabama*, 600 F. App'x 670, 676 (11th Cir. 2015) (finding no Eighth Amendment violation for overcrowding and inadequate heating, cooling, ventilation, and security); *see also, Williams v. Duncan*, No. 3:15-CV-1126-J-34JRK, 2018 WL 3870065, at *9 (M.D. Fla. Aug. 15, 2018) (quoting *Berry v. Brady*, 192 F.3d 504, 507

Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).

Third, Plaintiff cannot simply lump all Defendants under one statement of claim or in his factual recitation. *See West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. App'x. 81, 86 (11th Cir. 2008). It is Plaintiff's obligation "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also,* Fed. R. Civ. P. 8(a)(2). To do this, Plaintiff must state what claim he is purusing against each Defendant and specify what conduct each Defendant has taken that supports the claim.

### B.    Substantive Deficiencies

Additionally, the complaint fails to state a claim on several of the theories of liability presented by Tierney.

#### 1.    Violation of 18 U.S.C. § 1519

Tierney claims several defendants violated 18 U.S.C. § 1519 by "filing falsified documents." In addition to failing to identify which Defendant filed false documents or even identifying those documents, this claim fails because § 1519 is a

---

(5th Cir. 1999) ("Whether a denial of food equates to deliberate indifference to a prisoner's health or safety 'depends on the amount and duration of the deprivation.'").

Case No. 3:23cv24768-MCR-HTC

criminal statute and does not provide a private cause of action. *Pena v. Raich*, No. 23-CV-23912, 2023 WL 7182226, at *2 (S.D. Fla. Nov. 1, 2023) (dismissing Plaintiff's claims under multiple criminal statutes including 18 U.S.C. § 1519). Plaintiff, therefore, should omit this claim from his amended complaint.

### 2.     Official Capacity Claims and Claim Against the Secretary

Plaintiff sues each Defendant in the Defendant's official and individual capacities. A suit against a state employee in his official capacity is actually against the employer, which here, is the FDOC, a state agency. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc), *cert denied*, 540 U.S. 1107 (2004). Florida has not "waived its Eleventh Amendment immunity in federal civil rights actions." *Fincher v. State of Fla. Dep't of Labor & Emp't Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986). Further, Congress has not abrogated Eleventh Amendment immunity in § 1983 actions. *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990).

Thus, to the extent Plaintiff seeks monetary damages against Defendants in their official capacity, his claim is barred by Eleventh Amendment immunity. Also, although a claim for injunctive relief may be maintained against the State without

violating the Eleventh Amendment, such a claim must be limited to remedying prospective conduct. *Ex parte Young*, 209 U.S. 123 (1908). Here, Plaintiff complains only of past conduct and further does not state what he wants the State to do. Instead, all he states is "injunctive relief against all names/parties listed as defendants." Plaintiff, therefore, should omit any claim against the Defendants in their official capacities from the amended complaint.

### 3. First Amendment Retaliation Claims

To the extent Plaintiff is attempting to bring a First Amendment Retaliation claim, he fails to do so. To prevail on a First Amendment retaliation claim, a plaintiff must establish: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). Plaintiff's complaint fails to include *any* facts to support these elements.

### 4. Supervisory Relief Claims

Tierney also improperly attempts to hold certain Defendants liable simply because they supervised others. He sues Warden Leavins, Colonel John Doe, Major John Doe and Secretary Dixon based in part on "ratification" by "showing express approval into subordinate's wrongful actions and ignoring it and/or helping to cover

it up." Doc. 1 at 11. He also asserts "respondeat superior AKA supervisory liability" through the ratification of the custom of hiding inmates injuries with a spit mask "and / or violating Ch. 33-602.210 use of force policy." He also claims "no serious investigation was made into this matter or any of the following mistreatment." *Id.* Several aspects of Tierney's claims are not proper bases for liability.

First, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999) (internal quotation marks and citation omitted). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir.1990). Thus, Tierney may not rely on respondeat superior or supervisory liability; he must show each defendant was personally involved in the constitutional violation.

Second, "[a] supervisor is not 'personally involved' in a constitutional violation merely because he fails to respond to complaints from a prisoner." *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert.*

*denied*, 530 U.S. 1264 (2000).  Also, a plaintiff cannot support a § 1983 claim by alleging that a prison official failed to investigate his claim; prisoners simply do not enjoy a constitutional right to an investigation of any kind by government officials. *See Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation of an excessive force claim); *Mallory v. Hetzel*, 2016 WL 5030469, at *14 (M.D. Ala. 2016) (failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation because inmates do not enjoy a constitutional right to an investigation of any kind by government officials).  Plaintiff, therefore, should omit such claims from his amended complaint.

## IV.  Conclusion

To the extent Plaintiff wishes to pursue his claims, he must file an **amended complaint** on this Court's required form and consistent with this Order.  Also, he must place each defendant's name in the style of the case on the first page of the complaint form and include their address and employment position in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named defendant is involved in each alleged violation of federal law, alleging

Case No. 3:23cv24768-MCR-HTC

the claims as to each defendant in separately numbered paragraphs and including the specific dates and times of the alleged unlawful acts.

If Plaintiff cannot state exactly how a particular defendant harmed him, he should omit that person as a defendant from his amended complaint. In the section titled "Statement of Claims," Plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations and must specify which defendant violated which rights. The amended complaint must contain all of Plaintiff's allegations. *See* N.D. Fla. Loc. R. 15.1. Plaintiff is reminded his amended complaint, like his prior complaint, will be executed under penalty of perjury.

Accordingly, it is ORDERED:

1. The clerk shall send Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number and "Amended Complaint" should be written on the form.

2. Within **twenty-one (21) days** from the date of this Order, Plaintiff shall file either a notice of voluntary dismissal or an amended complaint. If Plaintiff files an amended complaint, it must be typed or clearly written and submitted on the Court form as instructed above.

3. Plaintiff shall notify the Court of any changes to his address within seven (7) days of the change by filing a notice of change of address.

4. Plaintiff's failure to comply with this Order may result in a recommendation that this case be dismissed.

DONE AND ORDERED this 15th day of February, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**