IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER M. TIERNEY
        PLAINTIFF

                        CASE No.: 3:23-CV-24768-MCR-HTC

V.

SGT SCRUGGS, ET AL.
        DEFENDANTS

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AND REQUEST
FOR COURT TO APPOINT/REQUEST COUNSEL

NOW COMES THE PLAINTIFF, CHRISTOPHER M. TIERNEY, PRO SE
AND HEREBY FILES THIS RESPONSE TO DEFENDANTS' MOTION TO
DISMISS AND REQUEST FOR COURT TO APPOINT/REQUEST
COUNSEL AND IN SUPPORT OF STATES THE FOLLOWING—:

FILED USDC FLND PN
NOV 25 '24 PM3:42

        I. DEFENDANTS' COUNSEL FILED, A MOTION TO DISMISS
[DOC. 35] ON 9/17/24 AND LISTED SEVEN GROUNDS;
                A.) FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
                B.) REQUEST FOR DAMAGES AGAINST DEFENDANTS IN
OFFICIAL CAPACITY BARRED BY 11th AMENDMENT.
                C. 🌼) PLAINTIFF IS NOT ENTITLED TO INDEPENDENT
RETROSPECTIVE DECLATORY RELIEF,
                D.) FAILURE TO STATE A CAUSE OF ACTION UNDER
AMERICANS WITH DISABILITIES ACT.
                E.) PLAINTIFF'S INJUNCTIVE RELIEF IS DUE TO BE
DISMISSED.
        (PAGE 1 OF 26)

F.) PLAINTIFF IS NOT ENTITLED TO COMPENSATORY DAMAGES AGAINST DEFENDANTS.

G.) PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED.

2. PLAINTIFF WILL NOW ADRESS EACH GROUND PRESENTED BY DEFENDANTS' COUNSEL IN TURN;

A.) "FAILURE TO EXHAUST ADMINISTRATIVE REM-EDIES REQUIREMENT UNDER PLRA";

PLAINTIFF CONTENDS EXHAUSTION REQUIREMENT WAS IN FACT MET IN ACCORDANCE WITH THE PLRA AND PRESENTS DECLARATION ATTACHED HERETO AS EXHIBIT A, AND DEFENDANTS EXHIBIT FROM [DOC. 35] / EXHIBIT 35-1 FORMAL GRIEVANCE # 2103-119-195 AS EVIDENCE OF EXHAUST-ION REQUIREMENT HAVING BEEN MET. STAFF AT SANTA ROSA C.I. (EXHIBIT B) 1+2 ARE CONSISTENTLY UNWILLING TO PROVIDE INMATES IN CONFINE-MENT AND/OR "CM STATUS" WITH PROPER FORMS TO ACCESS THE ADMINISTRATIVE REMEDIES AND/OR SICK CALLS IN VIOLATION OF CH.33-F.A.C. WHICH STATES "INMATES SHALL HAVE" GENERAL" ACCESS TO PROPER FORMS TO ACCESS ADMINISTRATIVE REMEDIES" THEREFORE, ADMINISTRATIVE REMEDIES ARE EFFECTIVELY INEXHAUSTIBLE DUE TO STAFF'S DELIBERATE INDIFFERENCE AND/OR NEGLIGENCE AS THEY ARE UNWILLING TO PASS OUT FORMS, GENERALLY SPEAKING, IN ATTEMPTS TO THWART ANY COMPLAINTS/LAWSUITS BY AGGRIEVED INMATES. PLAINTIFF CONTENDS THAT THE VAST MAJORITY OF ANY GRIEVANCES WHETHER INFORMAL AND/OR FORMAL THAT HAVE BEEN FILED ARE THE RESULT OF PLAINTIFF HAVING TO GO THROUGH OTHER CHANNELS SUCH AS OTHER INMATES AND/OR THE LAW LIBRARY, WHICH THE OTHER INMATES' FORMS COME FROM THE LAW LIBRARY MOSTLY AS WELL. (PAGE 2 OF 26)

HOWEVER, AVAILABILITY OF SAID FORUM NEED NOT BE ADDRESSED AS IN DEFENDANTS' MOTION TO DISMISS [DOC. 35] / EXHIBIT 35-1; FORMAL GRIEVANCE # 2103-119-195; THE RESPONSE FROM SANTA ROSA C.I.'s ADMINISTRATION SAYS, " THIS INCIDENT IS UNDER REVIEW BY THE USE OF FORCE UNIT OF THE OFFICE OF THE INSPECTOR GENERAL ... BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS APPROVED." ALSO AT BOTTOM OF GRIEVANCE IT SAYS " U.O.F." , PLAINTIFF DID NOT "RELIVE" THE EXPERIENCE DESCRIBED BY PLAINTIFF IN HIS COMPLAINT, THE DETAILS OF THE INCIDENT DESCRIBED BY PLAINTIFF IN COMPLAINT ARE DETAILED ON GRIEVANCE # 2103-119-195 IN ORDER TO INFORM I.G. / ADMINISTRATION WHAT THE CONVERSATION WAS REFERING TO SO THE COMMENTS BETWEEN LT. CARRIER AND PLAINTIFF WOULD NOT BE TAKEN OUT OF CONTEXT OR MISCONSTRUED TO BE REFERING TO A DIFFERENT INCIDENT, IN ANY CASE
1.) PLAINTIFF ASKED FOR CONVERSATION TO "BE PRESERVED FOR FUTURE LITIGATION PURPOSES" WHICH WOULD VERIFY THAT COUNSEL FOR DEFENDANTS IS INCORRECT IN STATING THE INCIDENT WAS "RELIVED" IN CONVERSATION IN DETAIL AS DEFENDANTS' COUNSEL AVERS IN MOTION TO DISMISS [DOC. 35].
2.) THE VERBIAGE AT THE END OF THE GRIEVANCE CAN BE PLAINLY INTERPRETED AS PLAINTIFF INFORMING THE ADMIN. OF FURTHER DETAILS TO INCIDENT ALLEGED IN COMPLAINT.
3.) NO MATTER HOW THE GRIEVANCE IS WRITTEN, AS IT IS ADDRESSING MORE THAN ONE ISSUE AND A CONVERSATION IS NOT A "U.O.F." (USE OF FORCE) ADMINISTRATION STILL "APPROVED" THE GRIEVANCE STATING THE INCIDENT / USE OF FORCE, AS DESCRIBED IN COMPLAINT [DOC. 10], WAS BEING REVIEWED BY U.O.F UNIT OF INSPECTOR GENERAL'S OFFICE AND THE GRIEVANCE WAS IN FACT APPROVED.
    ALSO, PLAINTIFF'S GRIEVANCE # 2103-119-195, STATES IN THE RESPONSE FROM ADMIN. THAT " A COPY OF THIS GRIEVANCE HAS BEEN FORWARDED TO THE INSTITUTIONAL INSPECTOR."
( PAGE 3 OF 26 )

WHICH MEANS, THE "USE OF FORCE IS UNDER REVIEW BY
THE USE OF FORCE UNIT OF THE INSPECTOR GENERAL AND
THE CONVERSATION BETWEEN PLAINTIFF AND L.T. CARRIER
WOULD BE HANDLED BY "INSTITUTIONAL INSPECTOR" NOT THE
USE OF FORCE UNIT, YET STILL THE GRIEVANCE WAS APPROVED,
        PLAINTIFF OFFERS EXHIBIT C , INFORMAL GRIEVANCE
# 119-2401-0281 WHICH IS ANOTHER USE OF FORCE/RETALIATORY
ACT COMMITTED BY STAFF AT SANTA ROSA C.I., INCLUDING
BUT NOT LIMITED TO DEFENDANT WENTZ AND ASSISTANT
WARDEN C-DAVIS COTTON ANSWERS IT IN THE SAME FASHION
AS MOST GRIEVANCES FOR A U.O.F. WHICH IS TO SAY THE
USE OF FORCE IS UNDER REVIEW BY THE USE OF FORCE UNIT
OF THE INSPECTOR GENERAL WHOM IS CORRUPT AS WELL
AND ALLOWS BLATENT ILLEGAL USES OF FORCE/ASSAULTS
& BATTERIES TO BE "SWEPT UNDER THE RUG," AS FAR
AS STAFF ASSAULTS ON INMATES, ATLEAST IN ALL THE
INCIDENTS PLAINTIFF HAS BEEN INVOLVED IN, WITH THE I.G.
OFFICE NOT TAKING ANY WITNESS STATEMENTS OR ANY
SERIOUS INQUIRY INTO SITUATIONS COMPLAINED OF BY
PLAINTIFF SINCE 1-10-21 — PRESENT.
    (8) 1997e(a) [OF THE PLRA] REQUIRES EACH PRISONER TO EXHAUST
A PROCESS AND NOT A REMEDY." STRONG V. DAVID, 297 F.3d
646, 649 (7TH CIR. 2002); BOOTH V. CHURNER, 532 U.S. 731 (2001)
(THE APPLICABILITY OF THE EXHAUSTION REQUIREMENT OF THE PLRA TURNS
ON WHETHER THE GRIEVANCES SYSTEM WILL ADDRESS THE PRISONER'S
COMPLAINT, NOT WHETHER IT PROVIDES THE REMEDY THAT THE PRISONER
PREFERS). HOWEVER, REGARDLESS OF HOW A GRIEVANCE IS WRITTEN,
IF PRISON OFFICIALS ACTUALLY HEAR AND DECIDE THE MERITS OF
A GRIEVANCE RATHER THAN REJECTING IT FOR NON-COMPLIANCE
WITH INSTITUTIONAL POLICY, THEY CANNOT LATER RELY ON
THAT NON-COMPLIANCE TO SEEK DISMISSAL OF A SUBSEQUENT
LAWSUIT FOR NON-EXHAUSTION. RICCARDO V. RAUSCH, 375 F.3d
521, 524 (7TH CIR. 2004); GATES V. COOK, 376 F.3d 323, 331—
        (4 OF 21)

n.6 (5th Cir. 2004); SPRUILL V. GILLIS, 372 F.3d 218, 234
(3rd. Cir. 2004); ROSS V. COUNTY OF BERNALILLO, 365 F.3d
1181, 1186 (10th Cir. 2004); POZO V. McCAUGHTRY, 286 F.3d
1022, 1025 (7th Cir.), Cert. Denied, 537 U.S. 949 (2002)

FURTHERMORE, ALTHOUGH THE FLORIDA ADMINISTRATIVE CODE,
Ch. 33, PROVIDES A THREE STEP PROCESS FOR EXHAUSTING ADMINIST-
RATIVE REMEDIES, THERE ARE EXCEPTIONS FOR GOING STRAIGHT
TO FORMAL STEP AND BYPASSING INFORMAL STAGE, WHICH IN
THIS CASE WOULD BE "STAFF ABUSE" AND THERE ARE NO PROVISIONS
IN CH. 33 F.A.C. THAT STATE THE APPROPRIATE COURSE OF ACTION
ONCE A GRIEVANCE IS "APPROVED" at AT ANY LEVEL, AND THERE
IS NO POINT IN APPEALING AN "APPROVED" GRIEVANCE. THE GRIEV-
ANCE WAS ADDRESSED ON ALL THE MERITS AND NOT RETURNED
ON A PROCEDURAL GROUND, INDEED, THE PRISON OFFICIAL NOTIFIED
PLAINTIFF THAT THE U.D.R. WAS REFERRED TO THE I.G.'S OFFICE.
"THE COURT WILL NOT ENFORCE A PROCEDURAL BAR EFFECT-
IVELY WAIVED BY THE PRISON." SEE WHATLEY, 802 F.3d at 1215.

MOREOVER, WHEN A PRISON OFFICIAL INFORMS A PRISONER
THAT HIS GRIEVANCE EFFORTS RESULTED IN HIS ALLEGATIONS
HAVING BEEN REPORTED TO THE I.G'S OFFICE for INVEST-
IGATION, THE PRISONER MAY ~~SHOULD~~ BE DEEMED TO HAVE
EXHAUSTED HIS ADMINISTRATIVE REMEDIES UNDER THE PLRA.
SEE TIERNEY V. HATTAWAY, NO. 3:20-CV-5738-LAC-ZCB,
2022 U.S. DIST. LEXIS 234877, 2022 WL 1815995, at *2
(N.D. FLA. DEC. 9, 2022); HAM V. SALMON, NO. 20-CV-81071-
RAR, 2022 U.S. DIST. LEXIS 88794, 2022 WL 1555080, AT
*6 (S.D. FLA. MAY 17, 2022); LUCKEY V. MAY, NO. 5:14-CV-
315-MW-GRJ, 2016 U.S. DIST. LEXIS 36971, 2016 WL 1128-
426, AT *11 (N.D. FLA. FEB. 17, 2016), REPORT AND RECOM-
MENDATION ADOPTED SUB. NOM., 2016 U.S. DIST. LEXIS 36972,
2016 WL 1169481 (N.D. FLA. MAR. 22, 2016)

FINALLY, A PRISONER IS NOT REQUIRED TO NAME ALL
WOULD BE DEFENDANTS OR MENTION DISCRETE POTENTIAL CIVIL-

(PAGE 5 OF 76)

RIGHT CLAIMS IN A GRIEVANCE TO PROPERLY EXHAUST HIS ADMINISTRATIVE REMEDIES SO LONG AS HE AFFORDS THE AGENCY A "FULL AND FAIR OPPORTUNITY" TO ADDRESS HIS ISSUE ON THE MERITS. SEE JONES, 549 U.S. AT 217; WOODFORD, 548 U.S. AT 90 {2024 U.S. DIST. LEXIS 11} SEE ALSO MALDONADO V. UNNAMED DEFENDANT, 648 F. App'x 939, 953 (11th CIR. 2016) ("THE EXHAUSTION REQUIREMENT, ALLOWING PRISON OFFICIALS TO ADDRESS COMPLAINTS IN THE FIRST INSTANCE, IS SATISFIED AS LONG AS THE INMATE'S GRIEVANCE PROVIDES SUFFICIENT DETAIL TO ALLOW PRISON OFFICIALS TO INVESTIGATE THE ALLEGED INCIDENT.") THE GRIEVANCE FROM [DOC.35] / EXHIBIT 35-1, LOG # 2103-119-195, PLAINTIFF MENTIONED NOT ONLY THE ASSAULT BY THE OFFICERS IN DETAIL AND ALSO THE ATTEMPTS TO COVER IT UP THROUGH FALSIFICATION OF RECORDS. SUCH INFORMATION SUFFICIENTLY PUT PRISON OFFICIALS ON NOTICE OF HIS COMPLAINT, WHICH WAS REFERRED TO THE I.G.'S OFFICE FOR INVESTIGATION. AS SUCH, THE DEFENDANTS' FAIL TO CARRY THEIR BURDEN TO SHOW PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES.

ONE LAST PIECE OF EVIDENCE TO SHOW DECLARATIONS FILED BY DEFENDANTS' COUNSEL, ATTACHED TO [DOC-35] MOTION TO DISMISS, IS EXHIBITS D&E, ATTACHED HERETO, WHICH SHOWS INCONSISTENCY OF DESCRIBED METHODS FOR LOGGING IN/PICKING UP/RESPONDING TO/AND ACCESSIBILITY OF PROPER FORMS. THERE IS NO REFERENCE NUMBER/LOG # WHICH THE INFORMAL GRIEVANCE WAS TURNED INTO GRIEVANCE BOX IN CONFINEMENT, AND STAMPED WITH "RECEIVED" STAMP THAT ADMINISTRATION PERSONEL HAVE ACCESS TO. IF THE INFORMAL GRIEVANCES/ FORMAL GRIEVANCES ARE COLLECTED, GIVEN LOG # , AND RESPONDED TO. WHERE IS THE LOG # , THE RESPONSE, AND IF THE GRIEVANCES CANNOT BE INCORRECTLY HANDLED AS ONLY GRIEVANCE COORDINATORS HAVE ACCESS TO; PLAINTIFF BELIEVES; THIS EVIDENCE PROVES THE CORRUPTION/LIES —

( PAGE 6 OF 71 )

OF SANTA ROSA C.I. STAFF /ADMINISTRATION AS
F.D.C STAFF "NEVER WALK ALONE." AND ARE "IN CAHOONTS."

B₇) "REQUEST FOR DAMAGES AGAINST DEFENDANTS
IN OFFICIAL CAPACITY BARRED BY 11ᵗʰ AMENDMENT";

PLAINTIFF CONTENDS THAT BOTH LT. MCCRANNIE AND
LT. CARRIER, WHOM WAS A SGT. AT TIME OF INCIDENT,
BOTH HELD OFFICIAL SUPERVISING POSITIONS AND BOTH
OF THESE DEFENDANTS PERSONALLY PARTICIPATED IN
THE ILLEGAL/UNLAWFUL USE OF FORCE AND ATTEMPTED
TO COVER IT UP, FALSIFYING RECORDS, WHICH WOULD
MAKE DAMAGES UNDER OFFICIAL CAPACITY/RESPONDEAT
SUPERIOR, AKA: SUPERVISORY LIABILITY PLAUSIBLE THROUGH
"BYSTANDER LIABILITY" AND/OR UNDER THE BASIS OF "RATIFICATION",
AS BOTH SUPERVISING OFFICIALS, IN THIS INSTANCE, EXPRESSLY
APPROVED OF THE SUBORDINATES UNLAWFUL ACTIONS VIOLATING
PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY 8ᵗʰ AMENDMENT
RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT,
AND A.D.A. THE DEFENDANTS' DISCRIMINATORY ACTS OF
BEATING THE PLAINTIFF UNLAWFULLY AFTER COMING FROM
Q-DORM AT SANTA ROSA C.I. ANNEX WHERE PLAINTIFF
RECEIVED IN-PATIENT MENTAL HEALTH TREATMENT AND
WAS ADA QUALIFIED, RECEIVING BOTH PSYCHOTROPIC
MEDICATION (PROZAC AND ZYPREXA) AND COUNSELING
AS AN "S3" INMATE IN F.D.C., DEFENDANTS WERE
DISCRIMINATORY AS THEIR ACTS WERE PURPETRATED
AGAINST PLAINTIFF AS PSYCH GRADE INMATES, ESPECIALLY
THOSE THAT GO TO A "SHOS" CELL FOR SUICIDAL BEHAVIOR,
AND OR COME FROM OTHER IN-PATIENT TREATMENT SUCH
AS "CSU" OR "TCU" ARE STEREOTYPICALLY PREJUDICED
AND BIASED AS BEING "WEAK" INTELLECTUALLY AND/OR
PHYSICALLY AND/OR VIEWED AS CAUSING PROBLEMS FOR
F.D.C. GUARDS, AS FAR AS GUARDS HAVING TO —
(PAGE 7 OF 7)

TAKE MORE CARE, CUSTODY, AND CONTROL OF THESE
SPECIFIC VULNERABLE ADULTS, AND/OR HAVING TO DO
EXTRA PAPERWORK/"WORK" TO HANDLE PROBLEMS
ASSOCIATED WITH S2+S3'S AND ANY INMATE THAT
GOES TO A "SHOS" CELL FOR SELF-HARM/HOMICIDAL
BEHAVIORS. THE DEFENDANTS HAD KNOWLEDGE OF THE
PLAINTIFF'S "S3" GRADE AND ALSO KNEW PLAINTIFF
WAS BEING RELEASED FROM A "SHOS" CELL/IN-PATIENT
MENTAL HEALTH TREATMENT WHICH MADE THE DEFENDANTS
FEEL LIKE THEY COULD GET AWAY WITH THEIR ACTIONS
AS THE ASSAULT/BATTERY WAS PRE-MEDITATED AND
IF PLAINTIFF IS A PSYCH GRADE OF S2-OR-S3
THE DEFENDANT FELT LIKE THEY COULD JUST ARGUE
PLAINTIFF WAS HOSTILE AND/OR CRAZY, AND WERE
DELIBERATELY INDIFFERENT AND DISCRIMINATORY
TOWARDS PLAINTIFFS' OWN CARE AS THEY VIEWED
PLAINTIFF AS "CRAZY AND SUICIDAL" ANYWAYS. ALL
INMATES THAT ARE ESCORTED FROM Q-DORM AT SANTA
ROSA C.I. COME FROM IN-PATIENT PSYCH TREATMENT
AND ALL THE DEFENDANTS KNEW THAT. PLAINTIFF HAS
ALREADY DESCRIBED EACH INDIVIDUAL'S/OFFICIAL'S
ACTIONS, FOR EACH DEFENDANT IN THE INCIDENT THAT
OCCURED ON 1-21-21 WHERE PLAINTIFF WAS ASSAULTED/
BATTERED BY THE DEFENDANTS EITHER DIRECTLY AND/OR
INDIRECTLY; EVEN IF THEY STOOD BY AND WATCHED,
THEY HAD AMPLE OPPORTUNITY TO PROTECT, TO INTERVENE,
AND/OR REPORT THE UNLAWFUL ASSAULT/BATTERY
AGAINST PLAINTIFF EITHER WHEN PLAINTIFF WAS
SMACKED IN THE FACE WITH A RADIO AFTER BEING
THROWN DOWN AND/OR AFTER BEING THROWN DOWN
AND/OR BEING PUNCHED/KICKED ON THE SIDE OF A DORM
ON 1-21-21, AT SANTA ROSA C.I. MAIN UNIT, THE DEFEND-
ANTS "PICKED FACES" AND CHOSE TO GO AHEAD WITH ASSAULT —
(PAGE 8 OF 76)

AFTER PLAINTIFF WAS PICKED UP FROM Q-DORM
AND WAS IN A PLACE/BLIND SPOT SO THE CAMERAS
COULD NOT RECORD THEIR ASSAULT/BATTERY
ON PLAINTIFF. THESE GUARDS HAD KNOWLEDGE OF
THE "BLINDSPOTS" ON THE MAIN UNIT AS THAT WAS
WHERE THEY WERE GENERALLY ASSIGNED TO, THE
DEFENDANT JOHN DOE DID NOT WANT TO PERSONALLY
PARTICIPATE IN ASSAULT AND BATTERY, YET HE
KNEW WHAT WAS PRE-PLANNED AND SO SWITCHED
FROM HANDS-ON ESCORT OF INMATE TO PUSHING THE
PLAINTIFF'S FILES IN CART, YET IS STILL LIABLE FOR
"BYSTANDER LIABILITY" FOR FAILING TO INTERVENE,
PROTECT, AND/OR REPORT INCIDENT TRUTHFULLY.
ALSO, DEFENDANT WENTZ KNEW THERE WERE CAMERAS
AND AFTER PLAINTIFF WAS THROWN DOWN, ALREADY
KNEW SGT. SCRUGGS WAS ABOUT TO ASSAULT THE
PLAINTIFF YET WAS WORRIED ABOUT BEING SEEN
ON CAMERA PARTICIPATING IN THE CRIMINAL ACTS
LISTED IN THE COMPLAINT, AS HE (WENTZ) ASKED
DEFENDANT SCRUGGS WHILE HOLDING PLAINTIFF DOWN
ON THE GROUND, "CAN THAT CAMERA SEE OVER HERE?"
AND SCRUGGS REPLIED "NO," AND THEN PULLED HIS
RADIO, WHICH WEIGHS APPROXIMATELY 2-4 POUNDS.
        THE FLORIDA DEPARTMENT OF CORRECTIONS IS
THE ENTITY (GOVERNMENTAL) THAT CHOSE TO TAKE THE
RISK OF HIRING THE DEFENDANTS INVOLVED IN THIS
INSTANCE AND GAVE DEFENDANTS MCCRANNIE AND
CARRIER SUPERVISING POSITIONS, TO WHICH POWERS,
LIMITED AS THEY WERE, VESTED IN THE DEFENDANTS
TO ACT IN ACCORDANCE WITH THE COURSE AND
SCOPE OF THEIR EMPLOYMENT, NOT USURPED FOR
PERSONAL ENDEAVORS, WAS ABUSED BY THE DEFEND-
ANTS AS SUPERVISORS WHOM WERE PERSONALLY INVOLVED—
        (PAGE 9 OF 26 )

IN THE DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, WHICH UNDER RESPONDENT SUPERIOR/ SUPERVISORY LIABILITY, AND BEING PERSONALLY INVOLVED, MAKES THE DEFENDANTS LIABLE IN THEIR OFFICIAL CAPACITY, WHICH IS THE EQUIVALENT TO SUING THE GOVERNMENTAL ENTITY, F.D.C., FOR DAMAGES AS WELL AS THEIR INDIVIDUAL CAPACITY, AND FROM THE FACTS STATED ABOVE, PLAINTIFF SATISFIES THE REQUIREMENT OF HAVING TO PROVE DELIBERATE INDIFFERENCE AND/OR INTENTIONAL DISCRIMINATION.

PLAINTIFF WAS DIAGNOSED AS HAVING MENTAL DISORDERS AND WAS CATEGORIZED AS AN "S3" INMATE, A "VULNERABLE ADULT." WHERE DEFENDANT NEGLECTED TO FOLLOW NORMAL AND ACCEPTED HUMANE CORRECTIONS PRACTICES AND PROCEDURES RELATING TO THE SAFE CARE OF VULNERABLE INMATES, AND AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS' BREACH OF DUTY TO THE PLAINTIFF, PLAINTIFF SUFFERED PHYSICALLY AND MENTALLY/EMOTIONALLY. DUE TO DEFENDANTS BEING PERSONALLY INVOLVED IN THE ACTS WHICH VIOLATED PLAINTIFF'S RIGHTS UNDER U.S.C., AND THE ADA, PLAINTIFF IS ENTITLED TO DAMAGES AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY.

THE PUBLIC ENTITY SECTION OF TITLE II OF THE AMERICANS WITH DISABILITES ACT (ADA) PROVIDES THAT:

NO QUALIFIED INDIVIDUAL WITH A DISABILITY SHALL, BY REASON OF SUCH DISABILITY, BE EXCLUDED FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES, PROGRAMS, OR ACTIVITIES OF A PUBLIC ENTITY, OR BE THE SUBJECT TO DISCRIMINATION BY ANY SUCH ENTITY.

IF STATE OR ARMS-OF-STATE CONDUCT VIOLATES BOTH THE ADA AND THE CONSTITUTION, COMPENSATORY —

(PAGE 10 OF 76)

DAMAGES ARE GENERALLY PERMITTED. US V. GEORGIA, 546 U.S. 151, 155-160 (2006). TO RECOVER UNDER ADA, A SUCCESSFUL PLAINTIFF MUST DEMONSTRATE A DISCRIMINATIVE MOTIVE BEHIND A DEPRIVATION, THE PLAINTIFF WILL HAVE TO PROVE THAT DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE OR INTENTIONAL DISCRIMINATION. GARCIA V. S.U.N.Y. HEALTH SCIENCES CIR. AT BROOKLYN, 280 F.3d 98, 112 (2ND CIR. 2000). "BYSTANDER LIABILITY" ARISES UNDER HALE V. TOWNLEY, WHERE A DETENTION OFFICER KNOWS THAT A FELLOW OFFICER IS COMMITTING A CONSTITUTIONAL VIOLATION, HAS A REASONABLE OPPORTUNITY TO PREVENT THE HARM, AND YET CHOOSES NOT TO ACT.

THE IMPROPER CUSTOM OR POLICY OF INACTION COMES FROM THE F.D.C. MOTTO, "WE NEVER WALK ALONE," THE WIDESPREAD PRACTICE OF STAFF MEMBERS FAILING TO INTERVENE, PROTECT, AND/OR REPORT. ALSO, THE IMPROPER CUSTOM OF TAKING INMATES OFF CAMERA TO ASSAULT/BATTER AND/OR KILL THEM HAS BEEN A LONGSTANDING PRACTICE THAT THE UPPER ECHELON DOWN TO THE ENTRY-LEVEL STAFF MEMBERS ARE WELL AWARE OF. AUDIO/VIDEO WAS INSTALLED IN ALOT OF THE PRISON SYSTEM, MOSTLY FOR THIS EXACT REASON, YET THERE STILL EXISTS "BLINDSPOTS" IN THE PRISON, F.D.C., SYSTEM THAT ARE NOT BATHROOM, SHOWER, CELLS, AND/OR MEDICAL ROOMS, WHICH COULD, AND SHOULD, HAVE CAMERAS AND/OR AUDIO SURVEILLANCE, NOT TO MENTION THE IMPROPER CUSTOM OF PUTTING A SPIT MASK ON AN INMATE'S FACE TO COVER INJURIES FROM CAMERA TO OBSTRUCT JUSTICE/HIDE EVIDENCE OF HOW BAD THE INMATE WAS ASSAULTED. ALSO, NOT PROVIDING THE INMATES WHOM WERE INVOLVED IN THE USE-OF-FORCE WITH A WITNESS STATEMENT WITHIN 24 HOURS OF THE USE OF FORCE, WHICH IS A MANDATORY

(PAGE 11 OF 26)

REQUIREMENT AS A POST USE OF FORCE OBLIGATION AS DEFINED IN CH33-602.210, STAFF REFUSE TO GIVE INMATES WITNESS STATEMENTS AFTER A USE OF FORCE TO FURTHER OBSTRUCT JUSTICE AND HELP ASSIST THE STAFF WHICH USED FORCE ON SAID INMATE GET AWAY WITH UNLAWFUL/CRIMINAL ACTIONS, OR SIMPLY WITH THE INTENT TO IMPEDE, OBSTRUCT OR INFLUENCE THE INVEST-IGATION OF A MATTER WITHIN THE AGENCY'S JURISDICTION.

C. "PLAINTIFF IS NOT ENTITLED TO INDEPENDENT RETRO-SPECTIVE DECLATORY RELIEF."

IN SUPPORT OF SEEKING DECLATORY/INJUNCTIVE RELIEF ~~DECLATORY~~ ~~RELIEF~~ PLAINTIFF CONTENDS, AN INCIDENT OCCURRED AT SANTA ROSA C.I. ANNEX ON 7-14-20, WHERE A CAPTAIN, TUCKER, THREATENED PLAINTIFF AND ROLLED HIS CELL DOOR, AND IN FEAR FOR HIS SAFETY, PLAINTIFF PUNCHED THE CAPTAIN IN THE FACE, AS PLAINTIFF HAS EXPERIENCED, ON MULTIPLE OCCASSIONS, WHERE CORREC-TIONAL STAFF MEMBERS HAVE COME INTO PLAINTIFF'S CELL AND ASSAULTED/BATTERED @ PLAINTIFF ABUSING POWER VESTED IN THE CORRECTIONAL OFFICERS, LIMITED) AS IT IS, WHICH WAS VESTED IN SAID CORRECTIONS OFF-ICERS FOR THE CARE, CUSTODY, AND CONTROL OF IN-MATES UNDER THEIR SUPERVISION, NOT FOR THE OFFICERS' OWN PERSONAL REASONS/INTENTIONS UNLAWFULLY.

PLAINTIFF KNEW THAT THE CAPTAIN WAS IN VIOLATION OF CH.33 F.A.C., OUT OF THE COURSE AND SCOPE OF HIS EMPLOYMENT AS A CORRECTIONS OFF-ICER, AND THE PLAINTIFF FELT THREATENED AND WAS JUSTIFIED IN DEFENDING HIMSELF. CAPTAIN TUCKER DID NOT REPORT THE INCIDENT AND FOR FEAR OF FUTURE RETALIATION AND/OR NEGATIVE CONSEQUENCES SUCH AS MORE DISCIPLINARY SANCTIONS OR OUTSIDE—

CHARGES, SO PLAINTIFF REPORTED THIS "CAPTAIN TUCKER INCIDENT" ON INFORMAL GRIEVANCE 135-2007-0186 AS WELL AS HAVING HIS FAMILY REPORT THE INCIDENT TO THE INSPECTOR GENERAL'S OFFICE, IN TALLAHASSEE, FOR F.D.C. ATTACHED HERETO, AS EXHIBIT F+G, IS INFORMAL GRIEVANCE LOG # 135-2007-0186 ANSWERED BY L.T. JUSTIN CARR, AND THE SAME GRIEVANCE ANSWERED BY MAJOR BRAD OAKES, & THIS INFORMAL WAS DEPOSITED INTO THE GRIEVANCE BOX AND GIVEN A LOG # BY THE GRIEVANCE COORDINATOR THE PLAINTIFF ASSUMES, AND IT SAYS "10A OAKES (CAPTAIN TUCKER)" ON IT; IT APPEARS TO HAVE BEEN GIVEN TO MAJOR OAKES TO RESPOND TO AS OAKES' NAME IS ON IT, YET IT WAS ANSWERED BY L.T. JUSTIN CARR ALSO, WHICH WOULD ALSO SHOW A FLAWED GRIEVANCE PROCESS AT SANTA ROSA C.I.; PLAINTIFF WOULD LIKE TO POINT OUT HOW L.T. CARR STATES "...AFTER REVIEW OF COX WING CAMERA YOU WILL BE RECEIVING A D.R. FOR 1-15 BATTERY AND ATTEMPTED BATTERY ON STAFF. YOUR GRIEVANCE IS APPROVED DUE TO BEING FURTHER INVESTIGATED." CARR WANTED TO HURT AND NOT HELP PLAINTIFF.

PLAINTIFF WOULD ALSO LIKE TO POINT OUT MAJOR OAKES' RESPONSE "...THESE ALLEGATIONS ARE BEING REVIEWED, DOCUMENTED AND FORWARDED TO THE INSPECTOR GENERAL FOR FURTHER INVESTIGATION. YOU WILL ALSO BE REVIEWED FOR PROTECTION CONCERNING YOUR STATEMENTS ABOVE. YOU MAY CONSIDER YOUR GRIEVANCE APPROVED FROM AN INVESTIGATIVE STANDPOINT ONLY."

PLAINTIFF CONTENDS THAT THE ADMINISTRATION AND THE STAFF, AS WELL AS THE OFFICE OF THE INSPECTOR GENERAL ARE ALL "IN CAHOONTS," WORKING TOGETHER AQUIESCING UNLAWFUL/CRIMINAL ACTIVITY/ACTIONS GOING ON NOT JUST AT SANTA ROSA C.I. BUT IN F.D.C. IN GENERAL, I.E. UNECESSARY/EXCESSIVE FORCE IS USED

(PAGE 13 OF 76)

AGAINST AN INMATE AND INMATE MAY OR MAY NOT RECEIVE A DISCIPLINARY REPORT FOR THE INCIDENT, ACCORDING TO CH. 33 F.A.C. THE INMATE SHOULD RECEIVE A "D.R." AS THERE MUST BE SOME SORT OF RULE INFRACTION WHICH PROMPTED OR JUSTIFIES A USE OF FORCE, IF THERE IS NO RULE INFRACTION, THERE IS NO JUSTIFICATION, IF THERE IS NO JUSTIFICATION FOR THE USE OF FORCE IT THEN BECOMES AN ILLEGAL/UNLAWFUL USE OF FORCE. STAFF WILL COMMITT AN UNLAWFUL USE OF FORCE ON AN INMATE AND OFTEN-TIMES FALSIFY AN INCIDENT REPORT AND/OR DISCIPLINARY REPORT IN ATTEMPT TO COVER UP ANY WRONGDOING PERPETRATED BY THE STAFF MEMBER, TO IMPEDE, INFLUENCE, AND/OR OBSTRUCT ANY INVESTIGATION WITHIN THE F.D.C./JURISDICTION OF THE INSPECTOR GENERAL. AT THE SAME TIME THE OFFICE OF THE INSPECTOR GENERAL IS OFTEN TIMES, MORE THAN NOT, WILLING TO ASSIST IN COVERING UP AND WRONGFUL ACTIONS OF F.D.C. STAFF MEMBERS AND BECAUSE STAFF KNOW THIS, THEY ARE NOT ONLY GETTING AWAY WITH CRIMINAL BEHAVIOR BUT GROWING MORE CONFIDENT, IN A FALSE SENSE OF IMMUNITY, TO BREAKING THE LAWS OF THE STATE/ COUNTRY THAT THE WRONGFUL BEHAVIOR BECOMES MORE CONSISTENT, MORE SADISTIC AND/OR MALICIOUS, AND NOT ONLY INFLUENCES FELLOW STAFF THAT ITS OKAY TO DO WRONG TO INMATES BUT LEAVES A RISK/LIABILITY THAT WRONGFUL BEHAVIORS WILL BECOME MORE FREQUENT/HABITUAL AND MAY MOST LIKELY BE PRACTICED/CARRIED OUT OUTSIDE THE FENCES OF F.D.C. ON THE PUBLIC.

    ABUSE OF POWER IS ABUSE OF POWER, AND IF TOLERATED WHEN AIMED AT THE "GUILTY", AS THAT IS THE GENERAL STEREOTYPICALLY, BIASED AND PREJUDICED VIEW OF INMATES IN PRISON, IT IS ONLY A MATTER OF TIME THIS ABUSE OF POWER IS AIMED AT THE "INNOCENT" —
( PAGE 14 OF 21. )

MEMBERS OF SOCIETY OR "INNOCENT" PERIOD WHEREVER THEY MAY BE, WHEN OFTENTIMES THE ABUSE OF POWER IS BEING AIMED AT AN INNOCENT PRISONER FOR VARIOUS REASONS, I.E. WHEN A STAFF MEMBER DOESN'T LIKE AN INMATE FOR SOME REASON, LIKE IN PLAINTIFF'S CASE HERE, PLAINTIFF, CHRISTOPHER M. TIERNEY, DEFENDED HIMSELF AGAINST A THREATENING STAFF MEMBER WHOM WAS ALREADY IN VIOLATION OF POLICIES AND PROCEDURES COMING TO ATTACK PLAINTIFF WHEN PLAINTIFF WAS JUST MINDING HIS OWN BUSINESS, NOT DOING ANYTHING WRONG, AND PLAINTIFF WROTE THE INCIDENT UP SO HE WOULD NOT BE RETALIATED ON FOR PUNCHING CAPTAIN TUCKER AND/OR SO NO OUTSIDE CHARGES/NEGATIVE/DISCIPLINARY CONSEQUENCES WOULD ENSUE AS A RESULT OF "CAPTAIN TUCKER INCIDENT," AS PLAINTIFF HAS SPENT ALOT OF TIME IN INSTITUTIONS GROWING UP AND WAS BEING PRUDENT IN THIS INSTANCE SO AS TO PREVENT NEGATIVE OUTCOMES.

L.T. CARR AND MAJOR OAKES DID NOT LIKE THAT PLAINTIFF "WAS IN THE RIGHT" CONCERNING CAPTAIN TUCKER AND HELD RESENTMENT AND ANIMOSITY TOWARDS THE PLAINTIFF FOR PUNCHING CAPTAIN TUCKER, AS TUCKER WAS A FELLOW "WHITESHIRT"/CO-WORKER/UPPER ECHELON AT SANTA ROSA C.I./F.D.C., FOR THESE REASONS, PLAINTIFF WAS RETALIATED AGAINST AT VARIOUS TIMES, NOT TO MENTION PLAINTIFF WHOLE PRISON SENTENCED CHANGED DRASTICALLY AS PLAINTIFF WAS RETALIATED AGAINST THROUGH ILLEGAL USES OF FORCE AND FALSIFIED DOCUMENTS WHICH ALL LED TO PLAINTIFF BEING PLACED ON "CLOSE MANAGEMENT"/"CM I" STATUS AND HAVING TO ENDURE RETALIATORY "HITS"/ ACTS EITHER DIRECTLY AND/OR INDIRECTLY THROUGH EITHER USES OF FORCE, INHUMANE TREATMENT, AND/OR FALSIFIED DOCUMENTS WHICH LED TO PLAINTIFF BEING CONTINUED ON CM FOR THE NEXT THREE YEARS AND TO WHICH PLAINTIFF—

(PAGE 15 OF 26)

IS STILL EXPERIENCING REPERCUSSIONS FROM

PLAINTIFF CONTENDS THE INCIDENT DESCRIBED IN THE COMPLAINT WAS ORCHESTRATED BY L.T. JUSTIN CARR. L.T. JUSTIN CARR WAS IN THE L.T.'S OFFICE IN B-DORM WHEN PLAINTIFF WAS BROUGHT INTO B-DORM AFTER ASSAULT, MEANING L.T. CARR KNEW THE PLAINTIFF WAS BEING TRANSFERED FROM Q-DORM TO B-DORM AND NO DOUBT TOLD THE FELLOW STAFF MEMBERS OF HIS ANIMOSITY/RESENTMENT AGAINST THE PLAINTIFF, AND NO DOUBT DIRECTED THEM TO ASSAULT PLAINTIFF, AS PLAINTIFF HAD NEVER MET OR HAD ANY INTERACTION WITH ANY OF THE DEFENDANTS EXCEPT SGT. CARRIER, AND HAD NO NEGATIVE INTERACTIONS WITH CARRIER. ALSO, CARRIER'S COMMENT WHEN HE CAME WALKING UP TOWARDS PLAINTIFF, PRIOR TO ASSAULTING PLAINTIFF "; DON'T PUT YOUR HANDS ON MY STAFF MEMBERS..." WHICH COMMON SENSE WOULD SAY L.T. CARR MOST MENTIONED PLAINTIFF PUNCHING CAPTAIN TUCKER.

NOW THAT PLAINTIFF HAS THIS CURRENT LAWSUIT GOING ON DEFENDANTS WENTZ AND SCRUGGS HAVE RETALIATED AGAINST PLAINTIFF. SGT. SCRUGGS GOT HELP FROM L.T. CARR, WHOM IS A CAPTAIN, ON 6/3/24 TO "GAS" PLAINTIFF WITH OC SPRAY FOR NO JUSTIFIABLE REASON OTHER THAN TO RETALIATE AGAINST PLAINTIFF FOR FILING THIS LAWSUIT AND CAPTAIN CARR HELPED ORCHESTRATE THE 6/3/24 INCIDENT WITH SGT. SCRUGGS BECAUSE OF SOME FALSE SENSE OF COMMRADERIE TO HELP SCRUGGS GET BACK AT PLAINTIFF AS PLAINTIFF IS NOW PURSUING CIVIL DAMAGES AND CRIMINAL CHARGES AGAINST SGT. SCRUGGS, ET AL.

(PAGE 16 OF 26)

THE PLAINTIFF IS CURRENTLY AT FLORIDA STATE PRISON ON "CMI" STATUS, IT HAS BEEN KNOWN WHEN INMATES GO TO "CM2" STATUS FOR F.D.C. TO SEND THE CM2 INMATE FROM F.S.P. TO SANTA ROSA C.I. ALSO, PLAINTIFF CONTENDS THAT THE DEFENDANTS IN THIS CASE ARE HIGH RANKING OFFICIALS AND/OR HAVE CONNECTIONS IN "THE GOOD OL' BOY NETWORK" AS L.T. TYLER McCRANNIE'S HUSBAND IS A MAJOR AT SANTA ROSA C.I., CAPTAIN CARR AND LT. CARRIER HAVE BEEN AT F.D.C. FOR A LONG TIME AND HAVE NO DOUBT MANY CONNECTIONS INCLUDING CHARLES RICHTER AND THE WARDENS AND THE OFFICERS MOVE AROUND FROM CAMP TO CAMP, HOWEVER THE STAFF MEMBERS THAT RELOCATE GENERALLY STAY IN THE SAME REGION, ITS JUST ALOT OF THEM HAVE CONNECTIONS IN F.D.C. WHOM ARE WILLING TO RETALIATE AT OTHER CAMPS, FOR THEM, AGAINST A SPECIFIC INMATE FOR PERSONAL REASONS.

   WHEREFORE, PLAINTIFF SEEKS DECLATORY AND INJUN-CTIVE RELIEF TO THE EXTENT OF TAKING ACTION TO DISCONTINUE AND PROHIBIT ONGOING EXTRAORDINARY TREATMENT HAVING THE EFFECT OF CHILLING THE EXERCISE OF FREE SPEECH AND REDRESS.

   TO DECLARE THE F.D.C. STOP SUBJECTING PLAINTIFF, CHRISTOPHER M. TIERNEY, TO CRUEL AND UNUSUAL PUNISHMENT.

   TO REOPEN THE FLAWED INVESTIGATION OF THE ATTACKS ON PLAINTIFF AND THE RETALIATION BY SGT. SCRUGGS AND OFFICER WENTZ CONNECTED TO THIS LAWSUIT AS RETALIATORY ACTS BECAUSE OF THIS LAWSUIT WHICH OCCURED 1/4/24 AND 6/3/24 AT SANTA ROSA C.I.

   DISCIPLINING OFFICERS WHO HID OR DESTROYED EVIDENCE OR ABUSED POWER IN ATTEMPTS TO CONCEAL WRONGDOING OF STAFF.

(PAGE 17 OF 26)

D. "FAILURE TO STATE A CLAIM OF ACTION UNDER AMERICANS WITH DISABILITIES ACT."

PLAINTIFF CONTENDS HE SUFFERS FROM DEPRESSION, ANXIETY, PTSD, BIPOLAR I, AND FROM 2020 TO SEPTEMBER 2024 HAS BEEN TAKING PSYCOTROPIC MEDICATIONS AND PERIODICALLY GOING TO COUNSELING. THEREFORE, PLAINTIFF IS, AND WAS AT THE TIME OF THE INCIDENT AND INCIDENTS RELATED, QUALIFIED AS "ADA"/AN AMERICAN WITH A DISABILITY.

PLAINTIFF WAS COMING FROM Q-DORM TO B-DORM, AT THE TIME INCIDENT OCCURED AND DEFENDANT KNEW PLAINTIFF WAS A "PSYCH" INMATE JUST COMING FROM IN-PATIENT MENTAL HEALTH TREATMENT. PART OF THE REASON THE DEFENDANTS WERE COMFORTABLE DOING THE ATTACK ON THE PLAINTIFF IS THEY FELT SINCE PLAINTIFF WAS "PSYCH", PLAINTIFF COULD JUST BE SAID TO BE CRAZY OR STUPID, OR BOTH. THE DEFENDANTS JOHN DOE, WENTZ, AND SCRUGGS WERE ALL DISCRIMINATORY TOWARDS PLAINTIFF COMING FROM Q-DORM /'PSYCH' IN-PATIENT TREATMENT.

PLAINTIFF WAS AND STILL IS AN "S3" inmate. "S3" AS DEFINED IN CH.33 F.A.C. ;
"S-3 - THE MENTAL HEALTH CLASSIFICATION GRADE DENOTING MODERATE IMPAIRMENT IN THE ABILITY TO MEET THE ORDINARY DEMANDS OF LIVING WITHIN GENERAL INMATE HOUSING, DUE TO A DIAGNOSED MENTAL DISORDER. THE IMPAIRMENT IN FUNCTIONING IS NOT SO SEVERE AS TO PRE-VENT SATISFACTORY ADJUSTMENT IN GENERAL INMATE HOUSING WITH PROVISION OF MENTAL HEALTH SERVICES. CLINICAL MANAGEMENT OF THE DISORDER MAY REQUIRE AT LEAST PERIODIC ADMINISTRATION OF PSYCHOTROPIC MEDICATION WHICH THE INMATE MAY EXERCISE HIS OR HER RIGHT TO REFUSE."

(PAGE 18 OF 26)

AT SANTA ROSA C.I., "Q-DORM" IS DESIGNATED AS IN-PATIENT SHOS, CSU, AND TCU HOUSING FOR "PSYCH" INMATES. PLAINTIFF WAS TAKEN TO A SHOS CELL ON 1-19-21 FOR SELF-HARM. THE DEFENDANTS ALL KNEW PLAINTIFF WAS COMING FROM Q-DORM AND WERE DISCRIMINATORY TOWARDS PLAINTIFF AS THEY WOULD LESS LIKELY ASSAULT AN INMATE COMING FROM "K-DORM" WHICH IS DISCIPLINARY AND ADMINISTRATIVE CONFINEMENT. THE DEFENDANTS PREYED UPON THE PLAINTIFF AS A VULNERABLE ADULT.

EXHIBIT H SHOWS PLAINTIFF WAS PRESCRIBED PROZAC AND ZYPREXA FOR DIAGNOSED MENTAL DISORDERS. PLAINTIFF WAS ALSO COMPLETELY INCAPACITATED FOR ATTACKS BY SCRUGGS AND CARRIER, ADDING TO THE WEIGHT OF VULNERABILITY AS PLAINTIFF COULDN'T PROTECT HIMSELF.

E. "INJUNCTIVE RELIEF IS DUE TO BE DISMISSED."

PLAINTIFF CONTENDS INJUNCTIVE RELIEF IS APPROPRIATE AS IT IS SOMETIMES PRACTICE FOR FLORIDA DEPARTMENT OF CORRECTIONS TO TRANSFER AN INMATE WHO GOES UP TO "CM2" FROM "CM1" TO BE TRANSFERED FROM F.S.P. TO SANTA ROSA C.I.. ALSO, THE DEFENDANTS ARE ALL "CON-NECTED" IN THE UPPER ECHELON OF THE F.D.C., KNOWN ALSO AS THE "GOOD OL' BOY NETWORK". AS PLAINTIFF HAS EXPERIENCED RETALIATORY "HITS" FROM DEFENDANTS IN THIS CASE AS WELL AS BY CAPTAIN JUSTIN CARR, AS EXPLAINED ABOVE UNDER "GROUND C." OF THIS MOTION AND PROVIDED EVIDENCE OF CONSPIRACY AND ONGOING RETALIATORY ACTS BY THE DEFENDANTS AND/OR FRIENDS/FAMILY THAT WORK FOR F.D.C.

PLAINTIFF HAS ATTEMPTED TO CORRECT ISSUES —

(PAGE 19 OF 26)

OF ABUSE, FALSIFIED DOCUMENTS (I.E. DR'S), INHUMANE TREATMENT/CONDITIONS, PRESSING CHARGES, ETC., PLAINTIFF HAS ALSO ATTEMPTED TO SEEK HELP FROM OUTSIDE LAW ENFORCEMENT AND FROM THE INSPECTOR GENERAL'S OFFICE, ALL TO NO AVAIL. THE PAPERWORK EITHER COMES UP MISSING OR COMES BACK POINTING THE FINGER TO SOMEONE ELSE TO GO TO AS NO ACCOUNTABILITY IS TAKEN AND NO ONE AND NO PART OF ANY OF THESE DEPARTMENTS/ENTITIES WANT TO HELP FIX THESE PROBLEMS WHICH ONLY ACTS AS A WAY FOR ALL THE DEFENDANTS AND/OR THEIR CO-WORKERS TO SEE AND KNOW THAT SIMPLY BECAUSE THEY WORK FOR F.D.C. AND CARRY A BADGE AS A CORRECTIONS OFFICER THEN THEY ARE ALLOWED TO BREAK THE LAW AND GET AWAY WITH IT UNDER AN "UNQUALIFIED IMMUNITY"/IMPROPER CUSTOM(S)/POLICY OF INACTION.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS OF THE COURT:

AA. DECLATORY AND INJUNCTIVE RELIEF TO THE EXTENT OF TAKING ACTION TO DISCONTINUE AND PROHIBIT ONGOING EXTRAORDINARY ~~TREATMENT~~ TREATMENT HAVING THE EFFECT OF CHILLING THE EXERCISE OF FREE SPEECH AND REDRESS AS PLAINTIFF ALSO CONTENDS HE IS STILL EXPERIENCING NEGATIVE TREATMENT FROM FILING GRIEVANCES, FILING LAWSUITS, AND/OR ASKING FAMILY TO REPORT THINGS TO ENTITIES OUTSIDE OF INSTITUTIONAL SETTINGS AFTER IT BECOMES APPARENT THE INSTITUTION AQUIESCES UNLAWFUL/WRONGFUL ACTIONS WHICH ARE BEING DONE OUTSIDE THE COURSE AND SCOPE OF THE STAFF'S EMPLOYMENT WITH F.D.C. AND/OR SUB-CONTRACTORS.

(PAGE 20 OF 26)

BB. REOPENING THE FLAWED INVESTIGATION OF THE ATTACKS ON PLAINTIFF AND THE USE OF RETALIATION TO INTERFERE WITH REDRESS OF ABUSES.

CC. DISCIPLINING OFFICERS WHO HID OR DESTROYED EVIDENCE, RELATING TO THIS INCIDENT DESCRIBED IN THE COMPLAINT AND THE RETALIATORY ACTS PERPETRATED BY THE DEFENDANTS IN THIS CASE AGAINST THE PLAINTIFF SUCH AS BUT NOT LIMITED TO THE 1/4/24 AND 6/3/24 USES OF FORCE WHICH WERE SIMPLY RETALIATION AGAINST PLAINTIFF FOR THIS LAWSUIT.

DD. FOR F.D.C. STAFF, THROUGH SUPERVISORY LIABILITY UNDER RATIFICATION AND UNDER BYSTANDER LIABILITY, THAT ALL OFFICIALS AND SUBORDINATES LIABLE FOR PLAINTIFF'S CARE, CUSTODY, AND CONTROL/SUPERVISION TO FOLLOW NORMAL AND ACCEPTED HUMANE CORRECTIONS PRACTICES AND PROCEDURES RELATING TO THE SAFE CARE OF VULNERABLE ADULTS, AND TO PROVIDE CARE, SUPERVISION, AND SERVICES NECESSARY TO MAINTAIN THE PHYSICAL AND MENTAL HEALTH OF PLAINTIFF, INCLUDING NECESSARY TREATMENT, SUPERVISION, MONITORING AND MEDICAL SERVICES, THAT A PRUDENT PERSON WOULD CONSIDER ESSENTIAL FOR THE WELL-BEING OF A VULNERABLE ADULT.

F. "PLAINTIFF IS NOT ENTITLED TO COMPENSATORY DAMAGES AGAINST DEFENDANTS."

PLAINTIFF CONTENDS THAT HE IS ENTITLED TO COMPENSATORY DAMAGES AGAINST DEFENDANT AS PLAINTIFFS INJURIES WERE IN FACT MORE THAN DE MINIMUS. COMMON SENSE WOULD TELL YOU IF YOU TAKE A PERSON WHOM IS FULLY INCAPACITATED WITH BLACK BOX, BELLY CHAIN, HAND-CUFFS, AND SHACKLES AND THROW THEM TO THE GROUND THEN SMACK THAT PERSON IN THE FACE WITH A APPROX-

(PAGE 21 OF 26)

mately 2 to 4 pound radio leaving a 1 inch laceration scar, that is jagged, on the bridge of their nose, not to mention hitting the orbital socket and causing optical nerve damage to where the victim sees lights out of their periforeal vision 3 years later, then picks that person up, then allows someone else to punch that person in the top of the head and is thrown down again, then kicked 2 or 3 times in the top of the head without being able to block the hits, there will no doubt be a more than de minimus injury, as well considering exacorbation of pre-existing injuries to neck, back, and face, not to mention the cuts and scrapes, concussion, whip lash, bruises, abrasions, and laceration, and road rash.

Plaintiff experienced all of the symptoms described above as a direct result of defendants' attacks described in the complaint either directly or indirectly as John Doe and Lt. McCrannie just watched Plaintiff being attacked, and had full capacity to intervene, protect, and/or report truthfully what occured, which Plaintiff had to initiate this lawsuit to seek restorative justice/compensation for.

Plaintiff seeks nominal damages where other damages are unavailable, however, Plaintiff does contend this incident described in the complaint was a more than de minimus injury and a more than de minimus act that is repugnant to the conscience of mankind. Centurion Nurse (Gault) was unable to fully document Plaintiff injuries due to security staff putting a spit mask on Plaintiff's face to hide Plaintiff's injuries from camera and to obstruct-

(Page 22 of 26)

JUSTICE AND INFLUENCE THE OUTCOME OF THE INVESTIGATION AND THEY KNEW TO PUT THE SPITMASK OVER PLAINTIFF'S FACE/INJURIES AS THIS WAS/IS AN IMPROPER CUSTOM AT SANTA ROSA C.I. TO PROTECT F.D.C. STAFF FROM ACCRUING CIVIL/CRIMINAL CASES AGAINST THEM FOR UNLAWFUL, UNNECESSARY AND/OR EXCESSIVE USES OF FORCE THAT AMOUNT TO ASSAULT/BATTERY UNDER FLA. STATE TORT **LAW.**

    PLAINTIFF SEEKS COMPENSATORY DAMAGES FOR THE ATTACK/INJURIES, WHICH WERE MORE THAN DE-MINIMUS, THE PERMENANT DISFIGURATION WITH THE JAGGED SCAR ON/UP THE BRIDGE OF PLAINTIFF'S NOSE, THE LASTING OPTICAL NERVE DAMAGE, AND THE EMOTIONAL AND MENTAL DISTRESS/HUMILIATION THE INCIDENT DESCRIBED IN THE COMPLAINT CAUSED AND/or STILL CAUSES TODAY, INCLUDING THE EXACERBATION OF PRE-EXISTING NECK/BACK INJURIES AND MENTAL HEALTH DISORDERS. ALSO, PLAINTIFF MAY SEEK COMPENSATORY DAMAGES UNDER ADA. FOR — EMOTIONAL DISTRESS, Ct. " PLAINTIFFS REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED."

    PLAINTIFF REQUESTS PUNITIVE DAMAGES AS TO PUNISH THE DEFENDANTS FOR INTENTIONALLY VIOLATING PLAINTIFFS RIGHTS AND/OR FOR BEING DELIBERATELY INDIFFERENT TO THE INCIDENT DESCRIBED IN ITS ENTIRETY IN THE COMPLAINT, PLAINTIFF REQUESTS PUNITIVE DAMAGES AS A WAY TO DETER SIMILAR AND/OR RELATED ACTIONS TAKEN BY THE DEFENDANTS AND/OR THEIR CO-WORKERS FOR ACTING WITH MALICE, CRIMINAL INTENT, AND RECKLESSNESS IN ATTACKING THE PLAINTIFF AND VIOLATING HIS CONSTITUTIONAL RIGHTS.

    PLAINTIFF SUSTAINED MORE THAN DE MINIMUS INJURIES FROM A MORE THAN DE MINIMUS ILLEGAL USE OF FORCE IN—

( PAGE 23 OF 26 )

THE ATTACKS DESCRIBED IN THE COMPLAINT.

THE ELEVENTH CIRCUIT, AS OF 2021, IN HOEVER
V. MARKS, 993 F.3d 1353, 1364 (11th CIR. 2021) THAT
"[42 U.S.C.] § 1997e(e) PERMITS CLAIMS FOR PUNITIVE
DAMAGES WITHOUT A PHYSICAL INJURY REQUIREMENT."

## MEMORANDUM OF LAW

EEOC V. CONVERGYS CUSTOMER MANAGEMENT GROUP, INC.,
491 F.3d 790 (8th CIR. 2007) PLAINTIFF MAY SEEK COMP-
ENSATORY DAMAGES UNDER THE AMERICANS WITH DISABILITIES
ACT (ADA) FOR EMOTIONAL DISTRESS.

HUTCHINS V. MCDANIELS, 512 F.3d 193 (5th CIR 2007)
(NOMINAL DAMAGES AVAILABLE UNDER PLRA, AND PUNITIVE
DAMAGES, EVEN WITHOUT A SHOWING OF PHYSICAL INJURY.)

IF STATE OR ARMS-OF-STATE CONDUCT VIOLATES BOTH THE
ADA AND THE CONSTITUTION, COMPENSATORY DAMAGES ARE
GENERALLY PERMITTED. U.S. V. GEORGIA, 546 U.S. 151, 155-
160 (2006). TO RECOVER DAMAGES UNDER THE ADA OR THE
RA (IF DAMAGES ARE AVAILABLE), A SUCCESSFUL PLAINTIFF
MUST DEMONSTRATE A DISCRIMINATIVE MOTIVE BEHIND A DEP-
RIVATION. THE PLAINTIFF WILL HAVE TO PROVE THAT DEFENDANTS
ACTED WITH DELIBERATE INDIFFERENCE OR INTENTIONAL DISCRIMIN-
ATION. GARCIA V. S.U.N.Y. HEALTH SCIENCES CTR. AT BROOKLYN,
280 F.3d 98, 112 (2ND CIR. 2000).

ALSO, DEFENDANTS DO NOT DISCUSS/ARGUE AGAINST
EVERY CLAIM LISTED IN COMPLAINT (DOC. 10), AS WELL AS
FOR REASONS STATED ABOVE, DEFENDANTS' MOTION TO DISMISS
MUST BE DENIED AS A MATTER OF LAW.
(PAGE 24 OF 26)

LASTLY, PLAINTIFF REQUESTS THIS COURT TO REQUEST OR APPOINT COUNSEL FOR PLAINTIFF TO ASSIST IN PRESENTING/LITIGATING A CONSPIRACY CLAIM, AS PLAINTIFF HAS PRESENTED EVIDENCE ONE EXISTS, ALSO TO HELP WITH PRESENTING RETALIATORY ACTS AS CLAIMS TO THIS LAWSUIT AS WERE DESCRIBED HEREIN THAT ARE CASUALLY CONNECTED TO THE INCIDENT DESCRIBED IN THE COMPLAINT, THE PRESENTATION/LITIGATION OF THE ADDITIONAL CLAIMS COULD BE CURED OF THEIR DEFICIENCIES IN THE COMPLAINT AND WILL HAVE TO DEAL IN LARGE PART WITH CONFLICTING TESTIMONY AS TO REQUIRE SOMEONE SKILLED IN CROSS-EXAMINATION, ALSO TO GET EVIDENCE SUCH AS VIDEO SURVEILLANCE, LOGS OF CORRECTIONAL OFFICERS' POSTS/MOVEMENTS, AND HAND-HELD VIDEO FOR USES OF FORCE AGAINST PLAINTIFF THAT PLAINTIFF IS NOT PERMITTED TO HAVE OR GET, ALSO, TO TRACK DOWN INMATE WITNESSES AND DEPOSE THEM.

ACCORDINGLY, FOR THE GROUNDS STATED HEREIN AGAINST DEFENDANTS' ARGUMENTS, WHICH WERE PRESENTED IN MOTION TO DISMISS [DOC. 35], DEFENDANTS' MOTION SHOULD BE DENIED AS A MATTER OF LAW, AND PLAINTIFF HUMBLY REQUESTS THIS COURT TO DENY DEFENDANTS' MOTION TO DISMISS [DOC. 35], AND REQUEST/APPOINT COUNSEL TO ASSIST PLAINTIFF IN THIS CASE WITH ALL MATTERS STATED ABOVE.

I DECLARE UNDER PENALTY OF PERJURY, THAT ALL FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY BELIEF AND KNOWLEDGE.

RESPECTFULLY SUBMITTED,

/s/ Christopher M. Tierney

CHRISTOPHER M. TIERNEY #R56554
FLORIDA STATE PRISON
P.O. BOX 800
(PAGE 25 OF 26)

_CERTIFICATE OF SERVICE_

I HEREBY CERTIFY THAT ON THIS 20th DAY OF NOVEMBER, 2024; A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED VIA U.S. MAIL TO: THE CLERK OF THE COURT, UNITED STATES DISTRICT COURT, ONE NORTH PALAFOX ST., PENSACOLA, FL. 32502.

I FURTHER CERTIFY THAT ON THIS 20th DAY OF NOVEMBER, 2024; A TRUE AND CORRECT COPY OF THE FORE-GOING HAS BEEN FURNISHED VIA U.S. MAIL; ERIK KVERNE, OFFICE OF THE ATTORNEY GENERAL, PL-01 THE CAPITOL, TALLAHASSEE, FL. 32399.

RESPECTFULLY SUBMITTED,

/s/ Christopher M. Tierney

CHRISTOPHER M. TIERNEY (# R56554)
FLORIDA STATE PRISON
P.O. BOX 800
RAIFORD, FL. 32583

(PAGE 26 OF 26)

LIST OF EXHIBITS

PLAINTIFF'S LIST OF EXHIBITS TO BE OFFERED
WITH PLAINTIFF'S RESPONSE TO MOTION TO DISMISS [Doc 35]

| EXHIBIT # | DESCRIPTION |
|---|---|
| A - 1-3 | DECLARATION OF CHRISTOPHER M. TIERNEY |
| B - 1-2 | FORMAL GRIEVANCE LOG #2103-119-195 |
| C | INFORMAL GRIEVANCE #119-2401-0281 |
| D | INFORMAL GRIEVANCE DATE: 8/3/20 FILED BY PLAINTIFF |
| E | INFORMAL GRIEVANCE DATE 8/4/20 FILED BY PLAINTIFF |
| F | INFORMAL GRIEVANCE LOG #135-2007-0186 ANSWERED BY LT. JUSTIN CARR |
| G. | INFORMAL GRIEVANCE LOG #135-2007-0186 ANSWERED BY MAJOR BRAD OAKES |
| H. | MENTAL HEALTH EMERGENCY PROTOCOL FORM DATE: 1/19/21 |

EXHIBIT A-1

<u>DECLARATION</u>

DECLARATION OF CHRISTOPHER MICHAEL TIERNEY;

I AM OVER 18 YEARS OLD AND COMPETENT TO TESTIFY AT TRIAL CONCERNING THE FACTS CONTAINED HEREIN.

I CHRISTOPHER M. TIERNEY, DC#R56554, WAS HOUSED AT SANTA ROSA C.I. FROM MAY 2020—JUNE 2024, GOING TO LAKE BUTLER C.I. THREE TIMES AND WACKULLA C.I. FOR SURGERY AND OTHER LAWSUITS. AFTER THE INCIDENT DESCRIBED IN THE COMPLAINT, I TURNED IN APPROXIMATELY 4 INFORMAL GRIEVANCES. ONE IN DETAIL DESCRIBING ATTACKS AND DELIBERATE INDIFFERENCE OF EVERYONE INVOLVED AS TO VIOLATING MY RIGHTS AND CAUSING ME PAIN.

I SUFFERED ROAD RASH, WHIP LASH, A CONCUSION, OPTICAL NERVE DAMAGE (WHICH I STILL HAVE TODAY.), AN APPROXIMATELY 1 INCH JAGGED SCAR ON THE BRIDGE OF MY NOSE/PERMENANT DISFIGUREMENT, BRUISES, SCRAPES, ABRASIONS, EXACERBATED BLACK EYES, HEAD AND NECK AND BACK TRAUMA/EXACERBATED INJURIES, MENTAL AND EMOTIONAL DISTRESS, AND HUMILIATION.

MY GRIEVANCES WERE NEVER RETURNED AND THE STAFF DO NOT PASS OUT FORMS TO ACCESS ADMINISTRATIVE REMEDIES 99% OF THE TIME, SO THERE IS NO "GENERAL" ACCESS TO THE FORMS NEEDED FOR SICK CALL, 303's, REQUESTS, ETC.

I HAD A CONVERSATION WITH L.T. CARRIER WHEN HE WALKED BY MY CELL ON 3/20/21 WHERE I TOLD L.T. CARRIER I HAD LOST RESPECT FOR HIM BECAUSE HE HAD PUNCHED ME IN THE TOP OF —

(PAGE 1 OF 3)

EXHIBIT A-2

THE HEAD THEN KICKED ME ON TOP OF THE HEAD WHILE I WAS ON THE GROUND IN FULL RESTRAINTS, THIS IS BECAUSE WHEN I WAS AT SANTA ROSA IN 2018-2019 IN "E-DORM", HE WAS THE SGT. AND USED TO "RUN THE GRID" MAKING OFFICERS AND INMATES THAT HAD PROBLEMS WITH EACH OTHER GIVE EACH OTHER A "HEAD-UP FIGHT", NOW HE WAS ASSAULTING ME WHEN I WAS IN FULL RESTRAINTS. I DIDN'T RELIVE THE EVENTS DESCRIBED IN THE COMPLAINT DURING THE CONVERSATION, I RELIVED THE INCIDENT IN FORMAL GRIEVANCE LOG # 2103-119-195 TO ADMINISTRATION SO THEY WOULD NOT TAKE OUR CONVERSATION OUT OF CONTEXT AS YOU CAN'T TELL WHAT WE WERE REFERRING TO. ADMINISTRATION HAS HAD THIS "SHAM" WHERE THEY SAY EVERYTHING IS SENT TO I.G. U.O.F. UNIT FOR REVIEW BUT THE I.G. U.O.F. UNIT NEVER DO ANYTHING TO PUNISH THE GUILTY STAFF MEMBERS WHOM USE EXCESSIVE OR UNECESSARY FORCE AGAINST INMATES EVEN WHEN ITS BLATENTLY OBVIOUS THE STAFF ARE VIOLATING POLICIES AND PROCEDURES, THE LAWS OF THE STATE OF FLORIDA/U.S.A., AND/OR THE CONSTITUTION.

ETHER WAY, THE FORMAL GRIEVANCE LOG # 2103-119-195 WAS HEARD ON ALL MERITS AND APPROVED. EXHAUSTION REQUIREMENT MET.

ALSO, I SUFFERED A MORE THAN DE MINIMUS INJURY THAT MEDICAL COULD NOT FULLY DOCUMENT AS STAFF PUT A SPIT MASK ON MY FACE TO COVER THE INJURIES THEY INFLICTED AND LIED SAYING I TRIED TO SPIT ON THEM IN ATTEMPTS TO COVER UP/JUSTIFY AN ASSAULT/BATTERY.

(PAGE 2 OF 3)

EXHIBIT A-3

DEFENDANTS WERE DELIBERATELY INDIFFERENT TO ME EVEN BEING SEEN BY MEDICAL SO NURSE GAULT ONLY DOCUMENTED WHAT SHE CAUGHT A GLIMPSE OF FROM A FEW FEET AWAY.

I COULD NOT GET SICK CALLS TO ACCESS MEDICAL AND THE STAFF WOULD NOT HELP ME ANYWAYS AS I WAS ON ILLEGAL PROPERTY REST- RICTION FOR THE NEXT 8 DAYS UNDER MORE INHUMANE/WRONGFUL TREATMENT.

CAPTAIN JUSTIN CARR EITHER INFLUENCED/ SUGGESTED THE DEFENDANTS TO DO THIS AND/OR TOLD THEM TO DO IT. HE HAS BEEN RETALIATING AGAINST ME SINCE I PUNCHED CAPTAIN TUCKER IN THE FACE IN SELF DEFENSE, USING ILLEGAL/UNNECESSARY/ AND EXCESSIVE FORCE FILING FALSIFIED DOCUMENTS, AND PUTTING ME ON ILLEGAL PROPERTY RESTRICTION. I SAW CAPTAIN CARR IN THE "LT'S OFFICE" WHEN I WAS COMING IN B-DORM RIGHT AFTER THE INCIDENT DESCRIBED IN COMPLAINT WHICH IS EVI- DENCE OF CONSPIRACY AS THE ONLY PERSON I EVER HAD PROBLEMS WITH IN THE VICINITY AT THAT TIME WAS JUSTIN CARR, WHOM STARTED RETALIATING AGAINST ME ONLY AFTER I WROTE UP THE INCIDENT ABOUT CAPTAIN TUCKER, VIOLATING MY 1st, 8th, AND 14th AMENDMENTS UNDER U.S.C.

I DECLARE UNDER PENALTY OF PERJURY, THAT ALL FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY BELIEF AND KNOWLEDGE.

RESPECTFULLY SUBMITTED,

/S/ Christopher M Tierney

CHRISTOPHER M. TIERNEY #R56554

(PAGE 3 OF 3)    DECLARANT

*NOT REJECTED FOR NON-COMPLIANCE.*
*MERITS HEARD*

*SHAM*

*ordered to do.*

**PART B - RESPONSE**

| TIERNEY, CHRISTOPHER | R56554 | 2103-119-195 | SANTA ROSA C.I. | B2116L |
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THIS INCIDENT IS UNDER REVIEW BY THE USE OF FORCE UNIT OF THE OFFICE OF THE INSPECTOR GENERAL. UPON COMPLETION OF THIS REVIEW, INFORMATION WILL BE PROVIDED TO APPROPRIATE ADMINISTRATORS FOR FINAL DETERMINATION AND HANDLING.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS APPROVED.

FUTURE INQUIRIES CONCERNING THESE ALLEGATIONS SHOULD BE ADDRESSED TO THE INSTITUTIONAL INSPECTOR BY SUBMITTING A DC6-236, INMATE REQUEST.

A COPY OF THIS GRIEVANCE HAS BEEN FORWARDED TO THE INSTITUTIONAL INSPECTOR.

A. FLORES                          DONALD LEAVINS, WARDEN

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3/22/21 DATE |

MAR 23

*THIS IS WHAT THEY SAY AS EXHAUSTION MET.*

*never came to see me.*

*EXHIBIT B-1*

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

TIERNEY CHRIS M.              R56554        SANTA ROSA C.I.
Last    First    Middle Initial    DC Number        Institution

Part A – Inmate Grievance          2103-119-195

On 3/20/21 at approximately 6:38 pm in B-dorm, while I was housed in B2116L, L.T. Carrier was walking around downstairs doing "rounds" when I stopped him to tell him I use to have alot of respect for him until he kicked me in the head on 1/21/21, while I was being held down by officers Wentz and scrugs after wentz and scrugs had just threw me down outside the gate coming back to the main unit and scrugs smacked me in the face with a radio and picked me up bleeding from a facial laceration from radio and walked me next to open bay dorm coming to B-dorm. On the side of open bay dorm carrier kicked me in the head after scrugs and wentz threw me down again. Sgt. Carrier (at the time Sgt. now LT.) kicked me 2 or 3 times in the top of my head while L.T. McCrannie watched. I stated to L.T. Carrier how I lost respect for him and he didn't have to beat me up; he can be heard stating on audio/video "you call that getting beat up??" - 3/26/21 approx. 6:38 am, he also tells me "it is what it is" because I told him staff lied to him saying I spat on officers to the hospital which was his justification/reasoning for beating/kicking me as described above. I told him I would be filing a lawsuit on him to which he replied "you can fabricate whatever..." but he didn't realize he admitted on audio/video to it by saying "you call that getting beat up??" I want audio/video evidence preserved for future litigation and I.G. notified as I.G. should of already done investigation into U.O.F. as Scrugs and Wentz Falsified scenario that I attempted to spit on Scrugs. There was one other officer who witnessed this and did nothing.

3/20/21                                    C. McT.          R56554
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

[handwritten right margin:] Admin & carrier knows he's an LT. explaining everything to administration as evidenced by verbage

[signature]
Signature

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #: _____
                        (Date)                                                    (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY              CENTRAL OFFICE
                INMATE (2 Copies)                  INMATE
                INMATE'S FILE                      INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE       CENTRAL OFFICE INMATE FILE
                                                   CENTRAL OFFICE GRIEVANCE FILE
DC1-303 (Effective 11/13)
                Incorporated by Reference in Rule 33-103.006, F.A.C.

[handwritten:] 13F
DOC

EXHIBIT B-2

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

119-2401-0281

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name CHRIS TIERNEY | DC Number R56554 | Quarters C2208L | Job Assignment CM1 | Date 1-8-24 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

On 1-4-24 at approx. 12 p.m. in C-dorm wing 2 cell C2208
L.T. Cattnach gassed me (administered chemical agents)
after having me remove my clothes and putting me in cuffs
and shackles in violation of ch 33-602.210 ~~battery~~ and I
~~am~~ was not C.I.T.'d I am a S3.

in violation of my 8th amendment U.S.C.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: R56554 |
|---|---|

IDH DC
Duo f
**RESPONSE**

DO NOT WRITE BELOW THIS LINE

**RECEIVED**
**DATE RECEIVED:** JAN 0 9 2024
BY: _____

YOUR INFORMAL GRIEVANCE HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THIS INCIDENT IS UNDER REVIEW BY THE USE OF FORCE UNIT OF THE OFFICE OF THE INSPECTOR GENERAL, AS ALL USES OF FORCE ARE. THE USE OF FORCE VIDEO IS ATTACHED TO THE INVESTIGATION AS IS WITH ALL USE OF FORCE INVESTIGATIONS. INASMUCH AS IT IS BEING REVIEWED NO ACTION WILL BE TAKEN AT THIS TIME. THE INSPECTOR ~~MAY OR MAY NOT NEED TO CONTACT YOU.~~ ANY FURTHER INQUIRIES CONCERNING THIS INCIDENT SHOULD BE SUBMITTED AS AN **INMATE REQUEST** TO THE OFFICE OF THE INSPECTOR GENERAL.

[~~BASED ON THE ABOVE INFORMATION YOUR GRIEVANCE IS APPROVED.~~

Based on the above information, your grievance is _Approved_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): CiDavis Cotton | Official (Signature): | Date: JAN 0 9 2024 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

EXHIBIT C

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# INFORMAL GRIEVANCE

☒ WARDEN

NAME: CHRISTOPHER TIERNEY        CELL #: K31031
                                 DC# R56554
                                 DATE: 8/3/20

    CURRENTLY THERE ARE NO REQUEST FORMS OR 303's (FORMAL GRIEVANCES) AVAILABLE IN CONFINEMENT UNIT MAKING EXHAUSTION OF ADMINISTRATE REMEDIES IMPOSSIBLE OR TECHNICALLY INEXHAUSTABLE IS WHAT THIS PROCESS IS NOW DEEMED TO INACCESS TO MATERIALS NEEDED TO EXHAUST ADMINISTRATIVE REMEDIES WHICH IS REQUIRED BY PLRA REFORM ACT. OFFICER CRAIN CAN BE SEEN AND HEARD ON AUDIO/VIDEO K-DORM WING 3 AT APPROXIMATELY 10:45 PM. AUGUST 3 2020 RIGHT OUT FRONT OF MY CELL DISCUSSING MY REQUEST TO BE PROVIDED WITH SAID FORMS AND HE CLEARLY STATES ON AUDIO MULTIPLE TIMES THERE ARE NO REQUEST FORMS AND/OR 303's (FORMAL GRIEVANCES) AVAILABLE IN K-DORM INSTEAD OF GOING TO FIND THEM. I DO NOT HAVE PAPER AVAILABLE TO SEEK EXHAUSTION OF ADMIN. REMEDIES WHEN PROPER FORMS SHOULD BE READILY AVAILABLE FOR QUESTIONS AND/OR CONCERNS WITH FACILITY/STAFF ISSUES OR COMPLAINTS. I NEED EVIDENCE OF ABOVE STATED AUDIO/VIDEO PRESERVED FOR LITIGATION PURPOSES IN 1983 CIVIL RIGHTS COMPLAINT.
SIGNATURE: _____        DC# R56554

RECEIVED
AUG 0 4 2020
BY: _____

EXHIBIT  D

# INFORMAL GRIEVANCE

☑ WARDEN

NAME: CHRISTOPHER TIERNEY

CELL: K3103/
DC# R56554
DATE: 8/4/20

I HAVE BEEN SUBJECTED TO CRUEL AND UNUSUAL
PUNISHMENT HERE AT SANTA ROSA C.I. ANNEX AND I
BELIEVE THIS IS RETALIATION FOR WRITING OFFICERS UP
AND FOR PUNCHING CAPTAIN TUCKER, A FELLOW INMATE
HAS NOW DIED AS A RESULT OF 8th AMENDMENT VIOLATION
AND I HAVE BEEN SUBJECTED TO THE SAME TREATMENT
I WISH TO BE TRANSFERED AWAY FROM THIS CAMP
IMMEADIATELY BEFORE I END UP LOSING MY LIFE AS STAFF
HERE HAVE NO INTEREST IN CARE, CUSTODY, AND/OR CONTROL
INMATE HOUSED IN K3105 DIED AS A RESULT OF MISTREATMENT/
CRUEL AND UNUSUAL PUNISHMENT ON 8/3/20.
SIGNATURE: Christopher M. Tierney        DC# R56554

**RECEIVED**
AUG 0 4 2020
BY: .................................

EXHIBIT E

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

135-207-0186

Mail Number: _____
Team Number: _____
Institution: _____

**TO:**
(Check One)

☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name CHRISTOPHER TIERNEY | DC Number R56554 | Quarters K31031 | Job Assignment N/A | Date 7/16/20 |
|---|---|---|---|---|---|

**REQUEST** Check here if this is an informal grievance ☑

ON 7-14-20 AT APPROXIMATELY 9:00 P.M. CAPTAIN TUCKER THREATENED ME AND WAS VERBALLY ABUSIVE TOWARDS ME. HE THEN ROLLED MY DOOR WITH NO HAND RESTRAINTS AND NO OTHER OFFICER PRESENT AFTER THREATENING ME. HE ROLLED MY DOOR AND IN FEAR FOR MY LIFE/SAFETY I PUNCHED CAPTAIN TUCKER IN THE FACE. HE SLAMMED MY DOOR SHUT AND CAME BACK TO MY CELL AT APPROXIMATELY 2:00 A.M AND ASKED ME NOT TO WRITE HIM UP. INCIDENT CAN BE SEEN AND HEARD ON AUDIO/VIDEO IN WING 3 - K-dorm at approx. 9:00 P.M. and 2:00 AM 7-14-20 and 7-15-20. THIS IS A VIOLATION OF CH. 33, FLA STAT. 950.09 (malpractice by a jailer), and a violation of my 8th amendment cruel and unusual punishment. I wish to be compensated for the mistreatment I have been subjected to and for D.O.C. staff members to stop assaulting me please.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _____   DC#: R56554

10A Oakes
(Capt Tucker)

### DO NOT WRITE BELOW THIS LINE

**RESPONSE**

DATE RECEIVED:

RECEIVED
JUL 17 2020
BY: _____

your grievance has been received, reviewed, + Evaluated. your grievance is being Investigated and after Review of Cap Worn Camera you will be receiving a DR For 1-15 Battery, and attempted Battery on staff. your grievance is approved due to being Further Investigated.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _OnApproved_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): Carr | Official (Signature): _____ | Date: 8/2/2020 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EXHIBIT F

**INMATE REQUEST**

135-2007-0186

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| **FROM:** | Inmate Name CHRISTOPHER TIERNEY | DC Number R56554 | Quarters K31031 | Job Assignment N/A | Date 7/16/20 |
|---|---|---|---|---|---|

**REQUEST** Check here if this is an informal grievance ☑

ON 7-14-20 AT APPROXIMATELY 9:00 PM. CAPTAIN TUCKER THREATENED ME AND WAS VERBALLY ABUSIVE TOWARDS ME. HE THEN ROLLED MY DOOR WITH NO HAND RESTRAINTS AND NO OTHER OFFICER PRESENT AFTER THREATENING ME. HE ROLLED MY DOOR AND IN FEAR FOR MY LIFE/SAFETY I PUNCHED CAPTAIN TUCKER IN THE FACE. HE SLAMMED MY DOOR SHUT AND CAME BACK TO MY CELL AT APPROXIMATELY 2:00 A.M AND ASKED ME NOT TO WRITE HIM UP. INCIDENT CAN BE SEEN AND HEARD ON AUDIO/VIDIO IN WING 3 - K-dorm at approx. 9:00 PM. and 2:00 AM 7-14-20 and 7-15-20. THIS IS A VIOLATION OF CH. 33 FLA STAT. 950.09 (malpractice by a jailor), and a violation of my 8th amendment cruel and unusual punishment. I wish to be compensated for the mistreatment I have been subjected to and for D.O.C. staff members to stop assaulting me please.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____ DC#: R56554

10A Oakes
(Capt Tucker)

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    DATE RECEIVED:

**RECEIVED**
JUL 17 2020
BY: _____

Your grievance has been recieved reviewed and evaluated.

These allegations are being reviewed, documented and forwarded to the Inspector General for further investigation.   You will also be reviewed for Protection concerning your statements above.

You may consider your grievance approved from an investigative stand point only

[The following pertains to informal grievances only:]

Based on the above information, your grievance is **Approved** . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): Major B. Oakes | Official (Signature): Bradley Oakes | Date: July 28, 2020 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EXHIBIT G

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
MENTAL HEALTH EMERGENCY PROTOCOL

**SUBJECTIVE:** Date: 1-19-21  Time: 0300  Age: 32  ☐ Sick Call  ☑ EMID
Allergies: PCN
Current Medication/s: Prozac, Zyprexa
Reported Problem: Self harm laceration
History of Self-Injury? ☐ No ☑ Yes → Describe: cuts  When?/ Last episode? unknown
History of Violence? ☑ No ☐ Yes → Describe:  When?/ Last episode?

**OBJECTIVE:** Temp. 97.8  Pulse: 87  Resp: 16  Blood Pressure: 132/74  O2 sat: 99 %  Weight: 134
If patient is a diabetic, blood sugar level:
3 previous weights w/dates 1-17-21 (136), 11-14-20 (150) 8-31-20 (148)
Appearance: ☐ Well groomed ☑ Somewhat disheveled ☐ Other/Comments:
NOTE: CHECK ALL THAT APPLY FOR THE FOLLOWING:
Current behavior: ☐ Withdrawn ☑ Cursing
☐ Quiet ☐ Threatening
☐ Anxious ☐ Assaultive
☐ Agitated ☐ Self-injurious
☐ Pacing ☐ Homicidal
☑ Non-verbal ☑ Other: yelling and aggressive
Oriented to: ☑ Person ☑ Place ☑ Time  Indicate any inappropriate response/s:

Memory: Recent: What is your housing location? C dorm
Remote: What was your previous institution? "I don't give a fuck"

Mood as reported: ☐ Cheerful ☐ Depressed
☐ Anxious ☐ Hopeless
☐ Tense ☑ Angry
☐ Fearful ☐ Other:

Affect as observed: ☐ Normal ☐ Sullen
☐ Cheerful ☐ Tense
☐ Blunted ☐ Anxious
☐ Flat ☐ Depressed
☐ Tearful ☑ Angry
☐ Labile (changing) ☐ Hostile
☐ Other:

Thought process: ☐ Well organized ☐ Poor concentration
☑ Coherent ☐ Other:
☐ Accelerated speech w/abrupt changes from topic to topic
Perception: Inmate claims to hear voices or sounds, which others cannot hear? ☑ No ☐ Yes→Describe:
Inmate claims to see visions of things that others cannot see? ☑ No ☐ Yes→Describe:
Thought content: Is inmate experiencing delusions (reflects false personal beliefs)? ☑ No ☐ Yes→Describe:
Self-injury: Ideas? ☐ No ☑ Yes→Describe: cut to (R) forearm
Threats? ☐ No ☑ Yes→Describe: "I'll continue to cut"
Plan? ☐ No ☑ Yes→Describe: See above
Vegetative Function: Appetite (recent change): ☑ No ☐ Yes ☐ Increase ☐ Decrease
Difficulty sleeping? ☑ No ☐ Yes  Average hours of sleep at night: 7

EXHIBIT H

T. Farmer, RN
Santa Rosa CI/ Annex/WC
SIGNATURE AND STAMP/ PRINT

TIERNEY, CHRISTOPHER
DC# R56554 W/M
DOB 11/23/1988
EX:

Revised 10/10/19  Page 1 of 2
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.



US POS
ZIP 3208
02 4M
0000385

Mailed From A State
Correctional Institution

CHRISTOPHER M. TIERNEY #R50554  B12035
FLORIDA STATE PRISON
P.O. Box 800
RAIFORD, FL. 32083

NOV 2 5 2024

LEGAL MAIL

THE CLERK OF THE COURT
UNITED STATES DISTRICT COURT
ONE NORTH PALAFOX
PENSACOLA FL. 32502

Legal M

Legal Mail
Provided to Florida State Prison
1/29 24 for mailing by