LEGAL MAIL
Provided to Florida State Prison on
1/8/25 for mailing by W.G.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER M. TIERNEY
    PLAINTIFF

CASE NO.: 3:23-CV-24768-MCR-HTC

V.

SGT. SCRUGGS, ET. AL.
    DEFENDANTS

_____/

MOTION TO OBJECT TO
JUDGE'S REPORT AND RECOMMENDATION

NOW COMES THE PLAINTIFF, CHRISTOPHER M. TIERNEY, PRO SE AND HEREBY FILES THIS MOTION TO OBJECT TO JUDGE'S REPORT AND RECOMMENDATION AND IN SUPPORT OF STATES THE FOLLOWING;

1. JUDGE HOPE THOMAS CANNON FILED A REPORT AND RECOMMENDATION GIVING PLAINTIFF 14 DAYS TO OBJECT WHICH WOULD OF MADE THE DEADLINE FOR FILING AN OBJECTION DECEMBER 27, 2024. PLAINTIFF DID NOT RECEIVE JUDGE'S REPORT AND RECOMMENDATION UNTIL DECEMBER 27, 2024 AND HAD TO WAIT TO GET MORE SUPPLIES FROM CANTEEN TO FILE OBJECTION WHICH IS THE REASONS FOR DELAY WHICH QUALIFIES UNDER FED. R. CIV. P. 60(B). FOR EXCUSABLE NEGLECT.

(PAGE 1 OF 8)

2. Judge Cannon infers and suggests that Plaintiff abandons his availability defense and rules in favor of Defendants motion to dismiss in part over the Lt. Carrier grievance stating "Plaintiff's argument is not convincing." When the grievance says "U.O.F." on it which is abbreviation for "Use of Force" and grievance was approved.

    A.) Plaintiff does not abandon any availability defense, as officers are consistently unwilling to provide "general access to forms to grieve issues at Santa Rosa and have been since Plaintiff was transferred there in 2020. Any grievances Plaintiff was able to get were from a "scavenger hunt" to get grievances from either other inmates or the law library which could be hit or miss.

    B.) Plaintiff filed an informal grievance that came up missing, then filed a grievance about missing forms as that was the best course of action taken into consideration as Plaintiff thought "why would I continue up the chain of command when I have one grievance and thought maybe the grievances had just been misplaced or someone was violating policy and procedure in the grievance process," as I showed evidence of in response to Def's motion to dismiss "and they needed to be addressed with the one grievance, for "what good would it be to turn in another grievance about any issue if someone is thwarting Plaintiff's attempts to exhaust administrative remedies and/or seek relief for a grieved issue?" —

(Page 2 of 8)

WHILE WAITING ON RESPONSE FROM THAT GRIEVANCE AND STILL NOT BEING PROVIDED WITH GRIEVANCES BY THE DORM STAFF, LT. CARRIER CAME WALKING THROUGH DORM WHICH LED TO CONVERSATION ON MARCH 20, 2021 WHICH PLAINTIFF (STILL WAITING ON RESPONSES) WENT ON A "SCAVENGER HUNT" AND HAD TO BARTER WITH ANOTHER INMATE TO GET A GRIEVANCE FORM TO TURN IN BECAUSE PLAINTIFF FELT THE CONVERSATION WAS EVIDENCE AND OF SIGNIFICANT PROBATIVE VALUE FOR FUTURE LITIGATION PURPOSES, WHICH THE LT. CARRIER GRIEVANCE WAS ALSO ANOTHER AVENUE TO INFORM THE UPPER ECHELON (ADMINISTRATION) OR ATLEAST ATTEMPT TO INFORM THEM OF THE CONVERSATION WHERE LT. CARRIER ADMITTED TO ASSAULTING ME, AND OF SGT SCRUGGS, ET AL. ASSAULTING ME DIRECTLY AND/OR INDIRECTLY AND TO INSTIGATE AN I.G. INVESTIGATION INTO THE MATTER.

C.) THAT GRIEVANCE WAS APPROVED WITH THE USUAL VERBIAGE DIRECTING ME THAT THE INCIDENT WAS UNDER INVESTIGATION BY THE I.G. "USE" OF "FORCE" UNIT AND THAT THE GRIEVANCE CONCERNING THE CONVERSATION WOULD BE REFERED TO THE INSTITUTIONAL INSPECTOR FOR HIM TO INVESTIGATE THE CONVERSATION. ADMIN COULD'VE PUT "O.I.G." 13F

D.) THAT GRIEVANCE WAS HEARD AND RECOGNIZED AS DEALING WITH THE "U.O.F." AKA USE OF FORCE NOT "O.I.G." AT ISSUE IN THIS COMPLAINT/LAWSUIT, AND WAS APPROVED. EXHAUSTION REQUIREMENT MET BECAUSE ALTHOUGH THE GRIEVANCE ADDRESSED MORE THAN ONE ISSUE, IT WAS APPROVED. (REFER TO "RESPONSE TO MOTION TO DISMISS" FOR CASELAW)

E.) THERE SHOULD BE AN INVESTIGATIVE REPORT, AND/OR A COPY OF THE AUDIO/VIDEO FILED BY THE INSPECTOR SINCE THE GRIEVANCE WAS APPROVED AND PLAINTIFF CONTENDS THAT THE DEFENSE ATTEMPTING TO MISLEAD —

(PAGE 3 OF 8)

the court by saying plaintiff was just "reliving" the conversation with L.T. Carrier in the grievance is a lie and plaintiff wrote on the grievance, "Please preserve all audio/video evidence for future litigation." And being that it was approved, plaintiff avers the audio/video will prove that plaintiff did not "relive" incident with Carrier as defendants suggest in their motion to dismiss (Doc 60) in attempts to conjugate an exhaustion defense.

3.) Judge Hope Thai Cannon abuses her power and discretion in this case as;

A.) All evidence must be taken in a light most favorable to the plaintiff and as defense and the Judge have not refuted plaintiff's statement concerning "U.O.F." on L.T. Carriers grievance as meaning something other than use of force than as a matter of law defendants' motion to dismiss should of been denied on that ground.

B.) Judge Hope Thai Cannon abuses her power and discretion in this case as she can and will be held liable as a defendant for failing to protect, failure to intervene, and failure to report, negligence, and deliberate indifference, etc. when plaintiff requested federal protection from the defendants and gave a list of officers/staff at Santa Rosa plaintiff felt strongly were going to retaliate against plaintiff for this lawsuit that already describes conduct of assault and falsification of documents with co-workers willing to help obstruct justice, yet denied plaintiff to which ended up being retaliated against by staff including the defendants in this case.

(page 4 of 8)

C.) Plaintiff never "abandoned availability ground" as judge contends, Plaintiff states the Ross case and avers that Plaintiff meets just about every ground permissable to have met exhaustion requirement under PLRA through the clearly defined loopholes, in Ross, by the Supreme Court.

4. PLRA is to exhaust a process and not a remedy, as Judge Cannon states Plaintiff did not exhaust his remedies because he didn't seek anything other than preservation of audio/video evidence and for an investigation to be done, She errs on that principle that the administrative remedies exhaustion requirement under PLRA is simply to notify "responsible persons" prior to filing a suit. You can't seek ~~money~~ monetary damages and or criminal charges/ sanctions in the grievance process.

5. Pro Se Litigants are not to be held to the stringent standards of Bar Certified Trial Attorneys in their motions, briefs, and filings, they are to be liberally construed. Plaintiff was and still is a prisoner pro se litigant and has not had the time, resources, and or money to attend and graduate Law School yet and Plaintiff believes Judge Hope Thai Cannon is aware of these two aspects yet still denies Plaintiff for appointment/request of Counsel, to which Plaintiff listed grounds that have been acceptable for Courts to request and/or appoint counsel in like matters in Plaintiff's Response to Defendants' Motion to Dismiss, again Judge Hope Thai Cannon is abusing power and discretion in these matters in attempts to avoid accountability and liability in this case.

(Page 5 of 8)

6. PLAINTIFF ALSO CONTENDS HE HAS MADE SEVERAL ATTEMPTS, WITH THE EXTREMELY LIMITED CONTACT WITH HIS FAMILY, TO HAVE L.T. TYLER MCCRANNIE SERVED WITH THIS COMPLAINT. PLAINTIFF NEEDS TO FILE IN FORMA PAUPERIS AND REQUEST THIS COURT TO HAVE THE U.S. MARSHALS DIRECT SERVICE ON L.T. MCCRANNIE AS PLAINTIFF HAS NO ACCESS TO FUNDS TO PROCUR SERVICE AGAIN AFTER ATTEMPTS WERE THWARTED BY BOTH SANTA ROSA ADMINISTRATION AND L.T. MCCRANNIE HERSELF ATTEMPTING TO AVOID PROSECUTION IN THIS MATTER. PLAINTIFF WILL FILE NECESSARY PAPERWORK AS SOON AS POSSIBLE, YET WOULD LIKE TO REMIND THE COURT OF THE SETTING FORTH OF AN AMENDMENT TO COMPLAINT AND THE SUBSTANCE OF CONSPIRACY, AND RETALIATION, ETC. TO BE MET WITH EVIDENCE FILED IN PLAINTIFF'S RESPONSE TO MOTION TO DISMISS THAT JUDGE CANNON SAID MUST BE SET FORTH IN A SEPERATE MOTION INSTEAD OF LIBERALLY CONSTRUEING IT AND THE EVIDENCE PRESENTED WHICH MAKES THE CASE MORE FACTUALLY COMPLEX, WHICH WILL REQUIRE THE SKILLS OF CROSS EXAMINATION THAT REQUESTED/APPOINTED COUNSEL COULD HELP PLAINTIFF WITH.

7. PLAINTIFF REQUESTS A CHANGE OF VENUE FOR CONFLICT OF INTEREST.

THEREFORE, PLAINTIFF OBJECTS TO JUDGE'S REPORT AND RECOMMENDATION FILED DECEMBER 13, 2024 AND REQUESTS CASE TO PROCEED, WITH A CHANGE OF VENUE AND APPOINTMENT/ REQUEST FOR COUNSEL/ASSISTANCE IN THIS CASE. JUDGE HOPE THAI CANNON HAS A CONFLICT OF INTEREST AND IS ABUSING HER POWER AND DISCRETION IN ATTEMPTS TO INFLUENCE THE OUTCOME OF THIS CASE TO AVOID LIABILITY FOR REASONS STATED ABOVE.

ALL OTHER GROUNDS REFER BACK TO "PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR COURT TO APPOINT/ REQUEST COUNSEL."   (PAGE 6 OF 8)

MEMORANDUM OF LAW

"IT IS EQUALLY CLEAR THAT PRISONERS DO NOT LOSE THEIR CONSTITUTIONALLY PROTECTED RIGHTS SIMPLY BECAUSE THE PRISON GATES SHUT BEHIND THEM." BELL v. WOLFISH, 441 US 520, 99 S. CT. 1861, 60 L. Ed. 2d 447 (1979).

I DECLARE UNDER PENALTY OF PERJURY THAT ALL FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY BELIEF AND KNOWLEDGE.

RESPECTFULLY SUBMITTED,
/s/ Christopher M. Tierney
CHRISTOPHER M. TIERNEY #R56551
FLORIDA STATE PRISON
P.O. BOX 800
RAIFORD, FL. 32583

(PAGE 7 OF 8)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, THAT ON THIS 22nd DAY OF JANUARY, 2025; A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED VIA U.S. MAIL TO; THE CLERK OF THE COURT, UNITED STATES DISTRICT COURT, ONE NORTH PALAFOX STREET, PENSACOLA, FL. 32502

I FURTHER CERTIFY THAT ON THIS 22nd DAY OF JANUARY, 2025; A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED VIA U.S. MAIL TO; ERIK KVERNE, OFFICE OF THE ATTORNEY GENERAL, PL-01 THE CAPITOL, TALLAHASSEE, FL. 32399.

RESPECTFULLY SUBMITTED,
/s/ Christopher M. Tierney
CHRISTOPHER M. TIERNEY #R58754
FLORIDA STATE PRISON
P.O. BOX 800
RAIFORD, FL. 32583

(PAGE 8 OF 8)

